1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

WILLIAM F. ABRAMS,

12

Plaintiff,

NO.   2:21-cv-980

13

v.

COMPLAINT (ERISA)

14

UNUM LIFE INSURANCE COMPANY OF
AMERICA,

15
16

Defendant.

17

## I.   NATURE OF THE CASE

18
19

1.      This is an action for a determination of Plaintiff William F. Abrams's rights
to long-term disability ("LTD") benefits and to recover such benefits.

20
21

2.      This action arises under the Employee Retirement Income Security Act of

22

1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*

23

3.      Mr. Abrams submitted a claim for LTD benefits under his employer's fully-

24
25

insured LTD plan by reason of his disability, commencing April 21, 2020, from his

26

"regular occupation" as a lawyer.  Mr. Abrams has remained disabled since leaving work

COMPLAINT (ERISA) – 1

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303  FAX (206) 223-0246

as the result of symptoms including daily fever, chronic fatigue and diminished stamina, brain fog and other cognitive problems, sleep disturbance, severe headaches, joint and muscle pain, left hand tremor, gastrointestinal distress and decreased appetite and light and sound sensitivity.  Mr. Abrams's claim is supported by the records and reports of his treating and consulting physicians, statements by professional colleagues, family members and friends attesting to his struggles with chronic and severe illness, and Mr. Abrams's own statements describing the onset and progression of his symptoms and functional impairments.   Based upon paper file reviews by in-house physicians, Defendant Unum Life Insurance Company of America erroneously denied Mr. Abrams's LTD claim and ERISA appeal.

## II.  PARTIES

4.      ***William F. Abrams***.  Mr. Abrams is a resident of the City of Seattle, King County, Washington.  Mr. Abrams is an "employee," within the meaning of ERISA § 3, 29 U.S.C. § 1002(6), of the law firm of Schwabe, Williamson & Wyatt, P.C. and worked in the Schwabe firm's Seattle office.

5.      Mr. Abrams is a "participant," as defined by ERISA § 3, 29 U.S.C. § 1002(7), in the Schwabe, Williamson & Wyatt, P.C. LTD Plan ("the LTD Plan"), which is fully insured by Unum through insurance policy no. 621962 002.

6.      ***Unum.***  Defendant Unum Life Insurance Company of America ("Unum") is a foreign insurance company regularly doing business in the Western District of Washington.  Unum is the "administrator" of the LTD Plan within the meaning of ERISA

COMPLAINT (ERISA) – 2

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303  FAX (206) 223-0246

§ 3, 29 U.S.C. § 1002(16).  Unum is a "fiduciary" of the LTD Plan within the meaning of ERISA § 3, 29 U.S.C. § 1002(21) and with respect to Mr. Abrams's LTD claim.  Unum pays fully insured benefits through the LTD Plan.

## III.  JURISDICTION AND VENUE

7.      Jurisdiction of this Court arises pursuant to ERISA, 29 U.S.C § 1001, *et seq.*, ERISA § 502, 29 U.S.C. § 1132(a)(1)(B), (a)(3) and (e)(1).  Venue is proper under ERISA § 502, 29 U.S.C. § 1132(e)(2) because, *inter alia*, Unum resides or may be found in this district.

## IV.  FACTS

8.      On or about September 10, 2019, Mr. Abrams, who had practiced law since 1979 in California and Washington, began working as a trial and appellate lawyer for, and became a partner of, the Schwabe firm.  Mr. Abrams is the leader of Schwabe's appellate practice group.  One of Mr. Abrams's former partners at the Schwabe firm describes Mr. Abrams as "passionately committed" to his legal practice with a "phenomenal" work ethic, and as "one of the best ... [and] ... one of the most enjoyable lawyers I've ever worked with," adding that he "loved working, and he loved working hard" and that he "was passionately committed to addressing the needs of our clients." Mr. Abrams also has taught at Stanford University, beginning in 1996, with various titles, including Consulting Professor and Adjunct Professor.  Mr. Abrams engaged in rigorous physical exercise and ran several marathons most years.  He traveled extensively  for clients overseas and nationwide and cases in appellate and trial courts throughout the

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303  FAX (206) 223-0246

United States. Mr. Abrams also traveled widely for personal enjoyment, often to participate in marathons, including in London, New York, Chicago and Los Angeles, and volunteered many hours for legal and civic causes, including extensive pro bono work in death penalty, wrongful conviction, education rights, immigration, First Amendment, foster care, and other Constitutional matters.  Mr. Abrams serves on the board of the Southern Center for Human Rights and has served on the boards of the Youth Law Center, Silicon Valley Campaign for Legal Services (as co-chair) and the Steering Committee of the American Bar Association Death Penalty Representation Project.  Mr. Abrams has been ranked by Chambers USA in Intellectual Property (2018-2019), Intellectual Property: Trademark, Copyright & Trade Secrets (California)(2011-2013, 2015-2017) and Intellectual Property: Patent (California)(2006-2007); Best Lawyers in America ; The Legal 500 U.S. (2016-2017); and IAM Patent 1000 (Litigation: Washington (2018-2021), Litigation: California (2014-2017).   IAM 1000 named Mr. Abrams Technology Lawyer of the Year (Seattle) in 2019.  *California Lawyer*,   the publication of the State Bar of California, named Mr. Abrams a California Lawyer of the Year in 2010 for his pro bono work in winning cases in the U.S. District Court for the Northern District of California and the Ninth Circuit Court of Appeals that obtained injunctions for state of California funding for children in foster care.  Mr. Abrams has also been named as one of California's Top 100 Lawyers and as one of the Top 75 IP Lawyers by the Daily Journal.

COMPLAINT (ERISA) – 4

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

9.      In April 2020, when the COVID-19 pandemic was hitting the nation and the world, Mr. Abrams suddenly became severely ill, with fever, chronic fatigue, diminished stamina, and brain fog and additional cognitive problems.  He stopped work due to his illness on April 21, 2020.

10.     These symptoms have continued, and Mr. Abrams also suffers from, *inter alia,* sleep disturbances, severe chronic headaches, joint and muscle pain, worsening of a left-hand tremor, decreased appetite and gastrointestinal distress and light and sound sensitivity.

11.     In or about July 2020, as a participant under the LTD Plan, Mr. Abrams submitted to Unum a claim for benefits through the LTD Plan, which Unum processed and identified as claim number 17935867.  The claim was timely filed.

12.     On July 20, 2020, Unum documented based upon its telephone interview of Mr. Abrams that he had "had fever every day since 4/21/20" and that the fevers "can go really high up, for example he had 105 fever over that weekend."

13.     On August 31, 2020, the Schwabe firm, the LTD Plan sponsor and LTD Plan administrator, urged Unum to approve Mr. Abrams's claim, explaining that Unum's delay was affecting Mr. Abrams's health:  "Mr. Abrams is very unwell and is now very stressed over the fact that his claim hasn't yet been approved. He can't work, his Dr.'s have indicated he can't work, but we don't have an approved claim yet...."

14.     Mr. Abrams has been evaluated and treated by, *inter alia*, the University of Washington Post-COVID Rehabilitation and Recovery Clinic at Harborview Medical

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

Center, Seattle; internal medicine doctors, infectious disease specialists, a hematologist, a rheumatologist, a neurologist, and a sleep medicine doctor at Swedish Medical Center, Seattle; and, initially, by his then-primary care physician at the Palo Alto Medical Foundation in Palo Alto, California, internist Dr. Joycellen Floyd.

15.     Several providers initially concluded that Mr. Abrams might have COVID-19, despite negative COVID-19 testing using early tests that, at that time, had a high rate of false-negative results.

16.     In April 2020, Mr. Abrams's primary care physician, Dr. Floyd, at the Palo Alto Medical Foundation, advised Mr. Abrams to proceed as though his COVID-19 test was positive because of the significant rate of false-negative test results, and urged rest as the most helpful treatment for his viral illness.

17.     Mr. Abrams had moved to Seattle in early 2018 and did not have a primary care physician there when he became ill in April 2020.  In early May 2020, at Dr. Floyd's recommendation, Mr. Abrams established care with a primary care physician in Seattle, Dr. Margo Kober at Swedish.  Mr. Abrams was first seen in Dr. Kober's clinic on May 13, 2020, by Jesse Glochner, PA-C, and first saw Dr. Kober on May 18, 2020.  Dr. Kober noted that Mr. Abrams had suffered fevers for a month and stated that while testing was negative, his symptoms fit the picture of COVID-19.

18.     Research into COVID-19 was in early stages in 2020, especially through Fall, and scientists did not have the information, experimentation, testing, analysis, and

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303  FAX (206) 223-0246

peer reviewing to reach understandings about the nature of the disease, including long-haul COVID-19, that are now known and continue to evolve.

19.    In June 2020, infectious disease specialist Dr. Gregory Moss at Swedish concluded that Mr. Abrams probably did not have COVID-19 given the duration and type of symptoms he had been suffering and his negative COVID-19 test result.  Dr. Moss, rheumatologist Dr. Simon at Swedish, and internist Dr. Kober diagnosed Myalgic Encephalomyelitis/Chronic Fatigue Syndrome (ME/CFS).  The Institute of Medicine (IOM), the health arm of the National Academy of Sciences, explains that ME/CFS symptoms are "... often are so debilitating that patients are unable to work or attend school full-time" and that a review of 15 studies conducted between 1966 and 2004 revealed that unemployment rates among patients with ME/CFS ranged from 35 to 69 percent.

20.    In September 2020, Dr. Kober confirmed that Mr. Abrams's symptoms of fever, fatigue, difficulty concentrating, trouble finding words, fragmented, nonrestorative sleep with drenching night sweats and disturbing vivid dreams, aching joints, abdominal cramping, poor appetite and altered sense of taste prevent him from working in any capacity, regardless of diagnosis.

21.    In December 2020, neurologist Dr. Mary Reif at Swedish stated that while it was not proven that Mr. Abrams has COVID-19, his illness acts like COVID-19, and therefore assessed post-viral syndrome, possibly COVID-19, despite his early negative COVID-19 testing.  Similarly, in January 2021, Dr. Reif stated that COVID-19 testing had

COMPLAINT (ERISA) – 7

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303  FAX (206) 223-0246

been negative, but that otherwise Mr. Abrams appears to satisfy the indicators for long-haul COVID-19.

22.     As the science of COVID-19 has advanced since Mr. Abrams first became ill in April 2020, and his medical team now presume that he is indeed has long-haul COVID-19 and are treating him accordingly, Mr. Abrams is indeed disabled under the LTD Plan, and it is irrelevant whether Mr. Abrams is suffering from ME/CFS, long-haul COVID-19, or another disease.  The clear and unrefuted fact from his extensive medical records is that he is unable to practice law, his "regular occupation," due to "sickness," as provided by the LTD Plan.

23.     Mr. Abrams remained disabled throughout the LTD policy's entire 90-day elimination period, from April 21, 2020, through July 19, 2020, and has remained disabled ever since.  Consistent with his disease, Mr. Abrams continues to be exhausted while performing self-care and other tasks for just a few hours (often less) per day, necessitating extended daily rest periods.  On the occasions he is able to increase his activities, he quickly suffers from increased, progressive fatigue that leaves him debilitated for days, a condition often called post-exertional malaise, or PEM.  Insomnia, nightmares, night sweats, and other sleep disturbances exacerbate his chronic exhaustion, the brain fog he suffers from, and difficulty concentrating, leave him unable to focus on reading and many everyday tasks.

24.     Unum denied Mr. Abrams's LTD claim based upon purported file reviews by Unum claims staff and in-house physicians.  On September 14, 2020, an Unum

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303  FAX (206) 223-0246

representative informed Mr. Abrams by telephone that Unum had denied his claim, stating in internal notes documenting the discussion, "EE said he knows tests were normal but he is still very ill and has over 100 degree temp right now as he is speaking to me."  Unum asserted in a claim denial letter to Mr. Abrams dated September 14, 2020, "extensive work up, diagnostics, and laboratory result were all normal/unremarkable"; Mr. Abrams's "physicians ruled out all serious conditions …"; "clinical office notes indicate that you have been free of fevers/afebrile"; "clinical exams did not indicate any focal neurologic deficits or cognitive difficulty"; and Mr. Abrams's "treatment plan" – medications, hematology evaluation, and pulmonary function tests – "can typically be provided concurrently while performing the noted sedentary demand level of your occupation.…"

25.    Pursuant to ERISA, Mr. Abrams appealed Unum's denial decision.  His March 2, 2021, ERISA appeal included approximately 900 pages of exhibits, including updated medical records, clinical reports by treating and examining providers documenting his struggle with disabling symptoms, relevant medical articles, Mr. Abrams's statement, activities and symptoms log and temperature log, including photographs and videos describing his severe symptoms, and letters by colleagues, friends and relatives, attesting to their observations of Mr. Abrams's functional difficulties.  Mr. Abrams submitted additional materials confirming that his disability continued to persist unabated, including letters from colleagues at Stanford and family that described their observations of Mr. Abrams's condition. For example, Professor

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303  FAX (206) 223-0246

Robert Siegel, M.D., Ph.D., Department of Microbiology and Immunology, Program in Human Biology, Stanford University, who has known Mr. Abrams for decades and who was a teaching colleague at Stanford, stated in his letter dated July 4, 2021, submitted with the additional appeal materials:

> For well-over a year, Bill has complained of mental clouding, inability to maintain a train of thought, extreme exercise intolerance even for simple activities, and daily fevers. While he was initially hopeful that this condition would be transient, I have observed that Bill has become increasingly despondent. The two things that are most striking in these conversations: 1) after some period of time he will state that he is exhausted and has to go and lie down; 2) when I make suggestions, he will often tell me has to write them down or ask me to send them to him so he can remember them.

> For me, it is hard to reconcile the hyper-energetic, workaholic that I knew prior to March 2020, and the individual described above. These symptoms have had a devastating effect on his capacity to engage in the physically and mentally demanding work of researching legal cases, going to court, writing briefs, working with clients, or even engage in his passion for teaching. Even more compelling to me is his inability to engage in nonoccupational activities or even some of the normal activities of daily life.

> I know that Bill has tested negative on PCR and other tests for SARS-CoV-2. But these tests were not done in an optimal manner in terms of timing and other factors (including his considerable anergia.) We have spoken regularly, and he has never mentioned an alternative diagnosis that is consistent with his signs and symptoms including anosmia and phantosmia. (I know that CSF and ME have many of the features he has described, but as a former CSF educator, I know that these conditions do not have diagnostic specificity or reliable treatment options.)

26.     By letter dated July 12, 2021, Unum denied Mr. Abrams's ERISA appeal, based upon a file review by Unum's in-house physician-consultant, Dr. Scott B. Norris. Dr. Norris asserted that the "reported existence, severity, duration and frequency" of Mr. Abrams's "reported signs and symptoms" were not "consistent with the underlying

COMPLAINT (ERISA) – 10

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

injuries/illnesses and other documentation in the file" and that "medical evidence" did not support that he is "limited, including from medication side effects from lifting, carrying, pushing, and pulling up to 10 pounds occasionally, mostly sitting (allowing for changes in position) with occasional standing and walking for brief periods" or from "the cognitive demands" of the occupation of lawyer.  In asserting that Mr. Abrams is not disabled, Dr. Norris disregarded the medical record, the nature of long-haul COVID-19 and ME/CFS, and the observations of numerous witnesses who attested to Mr. Abrams's dramatic functional decline after the onset of his illness and severe functional limitations.

27.     Unum used Dr. Norris's conclusion that Mr. Abrams was not disabled to deny Mr. Abrams's claim, even though Dr. Norris ignored, among other things, Mr. Abrams's work history, reputation and medical records, including the evaluations of physicians, including specialists, at the University of Washington and Swedish, the nature of his illness, and the record as a whole.  Dr. Norris never examined Mr. Abrams. During the appeal process, Mr. Abrams and his counsel each asked Unum if Unum contended that Mr. Abrams and his doctors at University of Washington and Swedish were fabricating his illness and medical issues, and what medical issue Unum believed Mr. Abrams did indeed have.  Unum never responded to these questions.  Unum and Dr. Norris also did not address other medical evidence, including video and photographic records that showed Mr. Abrams's daily fevers, some as high as 101 degrees, and more.  Unum used Dr. Norris's conclusion, consciously disregarding that

COMPLAINT (ERISA) – 11

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

he had attempted to justify similar conclusions in essentially the same way in his reviews of other claims on behalf of Unum, and that courts had rejected his conclusions as contrary to the medical record and implausible.

28.    Unum's decision denying Mr. Abrams's LTD claim was erroneous and in breach of its fiduciary duty under ERISA to conduct a full and fair review, fully investigate and objectively consider the record as a whole.

29.    The facts pleaded in this complaint do not waive confidentiality protections and privileges regarding Mr. Abrams's private information. Mr. Abrams will seek relief of this Court to prevent public disclosure by Unum of such information without his consent.

30.    Mr. Abrams is entitled to approval of his LTD claim effective April 21, 2020, and payment by Unum of a monthly LTD benefit pursuant to the terms of the LTD Plan, commencing July 21, 2020, and continuing each month thereafter so long as Mr. Abrams remains disabled, until he has received LTD benefits for the maximum duration permitted under the LTD Plan, with accrued interest on all unpaid sums.

## V.  CLAIMS

**First Claim – For Benefits, Enforcement Of Rights and Clarification of Right to Future Benefits under ERISA § 502(A)(1)(B), 29 U.S.C. § 1132(A)(1)(B)**

31.    Mr. Abrams re-alleges paragraphs 1 through 30, above.

32.    Pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), Mr. Abrams is entitled to (1) recover benefits due under the LTD Plan that Unum wrongfully withheld

COMPLAINT (ERISA) – 12

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

commencing July 21,2020, (2) enforcement of his rights under the terms of the LTD Plan, and (3) clarification of his right to future benefits under the terms of the LTD Plan.

**Second Claim – For Attorney Fees and Costs
under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1)**

33.    Mr. Abrams re-alleges paragraphs 1 through 32, above.

34.    Mr. Abrams is entitled to his attorney fees and costs under ERISA § 302(g)(1), 29 U.S.C. § 1132(g)(1).

**VI.  DEMAND FOR RELIEF**

WHEREFORE, Mr. Abrams requests that this Court:

1.    Enter judgment in favor of Mr. Abrams for damages in an amount to be proven at trial due to Unum's failure to provide benefits due under the LTD Plan pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

2.    Enter judgment in favor of Mr. Abrams and against Unum establishing Mr. Abrams's right to receive benefits under the LTD Plan and enforcing the terms of the LTD Plan pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

3.    Award Mr. Abrams his attorney fees pursuant to ERISA § 302(g)(1), 29 U.S.C. § 1132(g)(1).

4.    Award interest on all amounts owed to Mr. Abrams.

5.    Award other relief to which Mr. Abrams is entitled or that the Court determines is just and equitable.

COMPLAINT (ERISA) – 13

1    DATED:  July 22, 2021.

2                                    SIRIANNI YOUTZ
                                     SPOONEMORE HAMBURGER PLLC
3
4                                    By:   s/ Eleanor Hamburger
                                     Eleanor Hamburger (WSBA #26478)
5
                                     By:   s/ Richard E. Spoonemore
6                                    Richard E. Spoonemore (WSBA #21833)
7                                      3101 Western Avenue Suite 350
                                       Seattle, WA  98121
8                                      Telephone:  (206) 223-0303
                                       Facsimile:  (206) 223-0246
9                                      ehamburger@sylaw.com                    ◆
10                                     rspoonemore@sylaw.com

11                                   MEGAN E. GLOR ATTORNEYS AT LAW

12                                   By:   s/ Megan E. Glor
13                                   Megan E. Glor (OSB #930178)
                                     (pro hac vice application to follow)
14                                     707 NE Knott Street, Suite 101
                                       Portland, OR  97212
15                                     Telephone:  (503) 223-7400
16                                     Facsimile:  (503) 751-2071
                                       megan@meganglor.com
17
18                                   Attorneys for Plaintiff William F. Abrams

19

20

21

22

23

24

25

26

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303  FAX (206) 223-0246