HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM F. ABRAMS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>　　　　　　　Defendant. | Case No. 2:21-cv-00980-JLR<br><br>**DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Unum Life Insurance Company of America ("Unum" or "Defendant") answers Plaintiff William F. Abrams' ("Plaintiff" or "Abrams") Complaint as follows:

## I. NATURE OF THE CASE

Answering Paragraphs 1 and 2, the allegations involve legal conclusions and no answer is needed. Defendant admits the action is governed by ERISA, and Plaintiff is seeking long term disability ("LTD") benefits. Except as so admitted, the remaining allegations are denied.

Answering Paragraph 3, Defendant admits Plaintiff submitted a claim for long-term disability ("LTD") benefits. To the extent Plaintiff asserts facts in the administrative record, the administrative record speaks for itself. Defendant denies the remainder of the Paragraph.

## II. PARTIES

Answering Paragraphs 4 and 5, Defendant admits Plaintiff alleges he is an employee at Schwabe Williamson & Wyatt, and a participant of the LTD Plan. Except as so admitted, the remaining allegations are denied.

DEFENDANT UNUM LIFE INSURANCE
COMPANY OF AMERICA'S ANSWER AND
AFFIRMATIVE DEFENSES - 1
CASE NO. 2:21-cv-00980-JLR
100447.0203/8590509.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Answering Paragraph 6, Defendant Unum Life Insurance Company ("Unum") admits it is a foreign corporation doing business in Washington. The remaining allegations are vague and contain legal conclusions and therefore are denied.

### III. **JURISDICTION AND VENUE**

Answering Paragraph 7, Defendant admits the allegations.

### IV. **FACTS**

Answering Paragraph 8, Defendant is without sufficient information to admit or deny the contents of this Paragraph, and therefore denies the allegations.

Answering Paragraphs 9 and 10, Defendant admits in April 2020 there was a COVID pandemic. Except as so admitted, the remaining allegations are denied.

Answering Paragraphs 11, 12, 13, 14, 15, and 16, Defendant admits Plaintiff submitted a claim for LTD benefits with claim number 17935867. To the extent the Paragraph references written documents, those documents and the complete administrative record speak for themselves. Defendant denies the remaining allegations.

Answering Paragraphs 17, 18 and 19, the allegations are vague and Defendant lacks knowledge sufficient to admit or deny the allegations, and therefore denies them.

Answering Paragraphs 20, 21 and 22, to the extent the Paragraph references written documents, those documents and the complete administrative record speak for themselves. Defendant denies the remaining allegations.

Answering Paragraph 23, Defendant denies the allegations.

Answering Paragraph 24, to the extent the Paragraph references written documents, those documents and the complete administrative record speak for themselves. Defendant denies the remaining allegations.

Answering Paragraphs 25, 26, and 27, Defendant admits Plaintiff appealed Unum's decision. To the extent the Paragraphs reference written documents, those documents and the complete administrative record speak for themselves. Defendant denies the remaining allegations.

Answering Paragraph 28, Defendant denies the allegations.

DEFENDANT UNUM LIFE INSURANCE
COMPANY OF AMERICA'S ANSWER AND
AFFIRMATIVE DEFENSES - 2
CASE NO. 2:21-cv-00980-JLR
100447.0203/8590509.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Answering Paragraph 29, Defendant agrees to maintain confidentiality of Plaintiff's medical records so long as they are available for the court to review as contained in the administrative record. Defendant denies the remaining allegations.

Answering Paragraph 30, Defendant denies the allegations.

## V. CLAIMS

Answering Paragraph 31, Defendant incorporates its answers in Paragraphs 1 through 30 above.

Answering Paragraph 32, Defendant denies the allegations.

Answering Paragraph 33, Defendant incorporates its answers to Paragraphs 1 through 32 above.

Answering Paragraph 34, Defendant denies the allegations.

## VI. DEMAND FOR RELIEF

Answering Paragraphs 1, 2, 3, 4 and 5, Defendant specifically denies that Plaintiff is entitled to any relief whatsoever.

Defendant denies any and all allegations in Plaintiff's Complaint, including but not limited to headings in the Complaint, that are not expressly admitted above.

## AFFIRMATIVE DEFENSES

By way of further answer to the Complaint, Defendant alleges the following defenses and affirmative defenses:

1. Plaintiff's Complaint, or some of the allegations in it, fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint seeks benefits under an employee welfare benefit plan governed by ERISA, which provides the exclusive remedies for an allegedly improper denial of benefits, and plaintiff is limited to the rights and remedies afforded by ERISA. To the extent Plaintiff seeks rights or remedies not allowed under ERISA, such as those based upon state law or regulation, any such claims are preempted by ERISA, and should be denied.

3. Plaintiff's claims are premature to the extent that Plaintiff may have failed to exhaust administrative remedies on his claim.

4. Plaintiff's claims are barred under the terms of the policy and/or Plan including,

DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA'S ANSWER AND AFFIRMATIVE DEFENSES - 3
CASE NO. 2:21-cv-00980-JLR
100447.0203/8590509.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

but not limited to, the insuring agreements, definitions, and exclusions thereto.

5. Plaintiff has failed to provide Unum with information that Plaintiff is qualified for benefits; therefore, Plaintiff's Complaint should be dismissed.

6. Plaintiff's claims are barred based on a failure to mitigate damages.

7. Plaintiff's claims are barred, in whole or in part, from recovery on the grounds that Unum has discharged any obligations to Plaintiff.

8. Plaintiff's claims are barred due to failure to comply with certain terms, conditions, and obligations of the policy and/or plan, requiring dismissal of this claim. Copies of the governing policy and/or plan are incorporated into this answer by reference as if fully set forth herein, and Unum reserves the right to rely upon any and all provisions and terms of the policy and/or plan in the defense of this matter.

9. Plaintiff's demand for attorneys' fees should be denied because Unum's defenses to this action are reasonable and made in good faith.

10. Any determinations made by Unum with respect to Plaintiff's claims were made in the interest of all participants and beneficiaries, in accordance with the terms and conditions of the policy and/or plan, under the criteria for decisions and the applicable law set forth in the plan.

11. If Plaintiff is entitled to payment of benefits under the policy or plan, which Unum denies, any such payment must be reduced and offset by the amount of any other income or benefits Plaintiff has received, is receiving, or is entitled to receive.

12. To the extent Plaintiff is deemed entitled to recover benefits, and without admitting that Plaintiff is entitled to recover benefits under the policy and/or plan, such immediate entitlement does not mean that Plaintiff has an entitlement to unlimited future benefits given, inter alia, the possibility for future recovery from any disabling conditions (the existence of which are denied), as well as the effect of different policy and/or plan requirements, exclusions or limitations. The policy and/or plan do not permit or provide for payment of accelerated or future benefits.

13. If the Court determines that Unum materially erred in administering Plaintiff's claims for benefits under the terms of the plan and subject group policies or applicable law, which

DEFENDANT UNUM LIFE INSURANCE
COMPANY OF AMERICA'S ANSWER AND
AFFIRMATIVE DEFENSES - 4
CASE NO. 2:21-cv-00980-JLR
100447.0203/8590509.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

is denied, then the Court should remand the claim to Unum for further administrative processing in accordance with such determination before reaching any judicial decision as to Plaintiff's entitlement to benefits.

14.     Plaintiff's claims may be barred by applicable statute of limitations and/or notice provisions.

15.     The claims of Plaintiff are limited in this action to a review by this Court, without any jury, of the Administrative Record, including the policy at issue and any applicable plan documents.

16.     Unum's interpretation of the terms of the plan documents was reasonable and its claim determination was supported by substantial evidence.

17.     Unum reserves the right to add additional affirmative defenses, or to strike affirmative defenses asserted herein, pending investigation.

## **DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint and having asserted affirmative defenses, Defendant Unum prays for judgment as follows:

1. For dismissal of Plaintiff's Complaint with prejudice;

2. For Unum's costs, disbursements, and attorneys' fees in an amount to be determined; and

3. For such other and further relief as the Court deems just and equitable.

DATED: August 16, 2021

LANE POWELL PC

By:  /s/ D. Michael Reilly
D. Michael Reilly, WSBA No. 14674
Per Jansen, WSBA No. 49966
Email:  reillym@lanepowell.com
         jansenp@lanepowell.com
Attorneys for Defendant Unum Life Insurance Company of America

DEFENDANT UNUM LIFE INSURANCE
COMPANY OF AMERICA'S ANSWER AND
AFFIRMATIVE DEFENSES - 5
CASE NO. 2:21-cv-00980-JLR
100447.0203/8590509.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107