THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM F. ABRAMS,<br><br>Plaintiff,<br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br>Defendant. | Case No. 2:21-cv-00980-TL<br><br>**DECLARATION OF MEGAN E. GLOR IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT PURSUANT TO FED. R. CIV. PRO. 52(a)** |

I, Megan E. Glor, hereby declare that the following statements are true and based upon personal knowledge:

1. I am one of the lawyers representing Plaintiff William F. Abrams in this case.
2. On December 29, 2021, defendant, through its counsel, provided me a link to a downloadable, numbered copy of the “administrative record” it planned to file with the Court, as documented in Exhibit A.
3. On January 3, 2022, as I reviewed defendant’s 4001-page “administrative record,” I observed that 14 pages of it, attached as Exhibit D, had been redacted. Defendant did not provide an explanation for its redactions or a privilege log.

Declaration of Megan E. Glor in Support of Plaintiff's Motion For Judgment Pursuant to Fed. R. Civ. Pro. 52(a)
(No. 2:21-cv-00980-TL)
Page 1 of 3

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97212
503-223-7400

4. I emailed defendant's counsel on January 3, asking "Why have pages 1188, 1190-1203 been redacted?" Ex. B. I explained:

> Page 1189 notes "Atty/Client Privileged Communication" with a date of 9/11/20, after Unum denied the claim and before the appeal – this [was] long before the final decision on review was issued and while the claim was actively under review by Unum. If you believe these pages are subject to A/C privilege please explain in light of *Stephan v. Unum Life Ins. Co. ofAm.*, 697 F.3d 917, 932-33 (9th Cir. 2012) ("Unum argues that, nevertheless, the fiduciary exception ought not apply to the documents because of the context in which they were created. The memoranda, Unum contends, "were all created after Unum had received correspondence from Stephan's counsel," and therefore after there was "an indication that the parties may become adverse." There is no binding precedent in this circuit delineating precisely when the interests [**36] of a Plan fiduciary and its beneficiary become sufficiently adverse that the fiduciary exception no longer applies. Courts that have considered the issue, however, "have repeatedly rejected the argument that the prospect of post-decisional litigation is enough to overcome the fiduciary exception." *Allen v. Honeywell Ret. Earnings Plan*, 698 F. Supp. 2d 1197, 1201 (D. Ariz. 2010) (internal quotation marks omitted); *see,e.g., Geissal v. Moore Med. Corp*., 192 F.R.D. 620, 625 (E.D. Mo. 2000); *Klein*, 806 F. Supp. 2d at 1132-33 (collecting cases). Most courts have held that it is not until after the final determination — that is, after the final administrative appeal — that the interests of the Plan fiduciary and the beneficiary diverge for purposes of application of the fiduciary exception. *See Klein*, 806 F. Supp. 2d at 1132. We agree with the weight of authority.").

*Id*.

5. On January 4, 2022, defendant's counsel responded, "Regarding the redacted records, we will remove the redactions from 1188-1203." Ex. C.

/ /

/ /

/ /

/ /

/ /

Declaration of Megan E. Glor in Support of Plaintiff's Motion For Judgment Pursuant to Fed. R. Civ. Pro. 52(a) (No. 2:21-cv-00980-TL)
Page 2 of 3

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97212
503-223-7400

6. For comparison, Exhibit D contains the 14 redacted pages defendant produced on December 29, 2021 and Exhibit E contains the unredacted version of those documents, which were filed at Dkt. #20, pp. 1190-1203 ("ABRAMS_AR 001190"-"ABRAMS_AR 001203").

DATED: February 2, 2022, at Portland, Oregon.

*s/ Megan E. Glor*
Megan E. Glor, (OSB #930178) (*pro hac vice)*
707 NE Knott Street, Suite 101
Portland, OR 97212
Telephone: (503) 223-7400
Email: megan@meganglor.com

Declaration of Megan E. Glor in Support of Plaintiff's Motion For Judgment Pursuant to Fed. R. Civ. Pro. 52(a)
(No. 2:21-cv-00980-TL)
Page 3 of 3

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97212
503-223-7400

**CERTIFICATE OF SERVICE**

I hereby certify that on the February 2, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

- **Megan E. Glor**
  megan@meganglor.com, robert@meganglor.com
- **Eleanor Hamburger**
  ehamburger@sylaw.com, matt@sylaw.com, stacy@sylaw.com, theresa@sylaw.com
- **Riley R. Moyer**
  moyerr@lanepowell.com, docketing-sea@lanepowell.com, endresj@lanepowell.com
- **D. Michael Reilly**
  reillym@lanepowell.com, docketing-sea@lanepowell.com, fosters@lanepowell.com
- **Richard E. Spoonemore**
  rspoonemore@sylaw.com, matt@sylaw.com, rspoonemore@hotmail.com, stacy@sylaw.com, theresa@sylaw.com

DATED: February 2, 2022

s/ Megan E. Glor
Megan E. Glor (OSB #930178) (*pro hac vice*)

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97212
503-223-7400