# Exhibit B



Megan Glor <megan@meganglor.com>

## Abrams v. Unum: JSR with PL edits

**Megan Glor** <megan@meganglor.com>  Mon, Jan 3, 2022 at 2:13 PM
To: "Moyer, Riley R." <MoyerR@lanepowell.com>
Cc: Ele Hamburger <ele@sylaw.com>, "Reilly, D. Michael" <ReillyM@lanepowell.com>, Rick Spoonemore <rick@sylaw.com>, "Foster, Shanynn" <FosterS@lanepowell.com>

Riley,

Why have pages 1188, 1190-1203 been redacted?

Page 1189 notes "Atty/Client Privileged Communication" with a date of 9/11/20, after Unum denied the claim and before the appeal --this long before the final decision on review was issued and while the claim was actively under review by Unum. If you believe these pages are subject to A/C privilege please explain in light of *Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 932-33 (9th Cir. 2012) ("Unum argues that, nevertheless, the fiduciary exception ought not apply to the documents because of the context in which they were created. The memoranda, Unum contends, "were all created after Unum had received correspondence from Stephan's counsel," and therefore after there was "an indication that the parties may become adverse." There is n o binding precedent in this circuit delineating precisely when the interests [**36] of a Plan fiduciary and its beneficiary become sufficiently adverse that the fiduciary exception no longer applies. Courts that have considered the issue, however, "have repeatedly rejected the argument that the prospect of post-decisional litigation is enough to overcome the fiduciary exception." *Allen v. Honeywell Ret. Earnings Plan*, 698 F. Supp. 2d 1197, 1201 (D. Ariz. 2010) (internal quotation marks omitted); *see, e.g., Geissal v. Moore Med. Corp*., 192 F.R.D. 620, 625 (E.D. Mo. 2000); *Klein*, 806 F. Supp. 2d at 1132-33 (collecting cases). Most courts have held that it is not until after the final determination — that is, after the final administrative appeal — that the interests of the Plan fiduciary and the beneficiary diverge for purposes of application of the fiduciary exception. See *Klein*, 806 F. Supp. 2d at 1132. We agree with the weight of authority.")

Thank you,

Megan

**Megan E. Glor Attorneys at Law**
**707 NE Knott Street, Suite 101**
**Portland, OR  97212**
**Telephone: (503) 751-2064 (direct)**
**Telephone: (503) 223-7400 (office)**
**Fax:  (503) 751-2071**
**megan@meganglor.com**

[Quoted text hidden]

Exhibit B
Page 1 of 1