THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM F. ABRAMS,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>　　　　　　　　Defendant. | Case No. 2:21-cv-00980-TL<br><br>**DEFENDANT'S SURREPLY/MOTION TO STRIKE MATERIALS FROM PLAINTIFF'S REPLY**<br><br>**NOTE ON MOTION CALENDAR**:<br>MARCH 11, 2022<br><br>**ORAL ARGUMENT REQUESTED** |

Pursuant to LCR 7(g)(1), Defendant Unum Life Insurance Company of America submits this Surreply/Motion to Strike Plaintiff's Second Supplemental Declaration and Exhibit A (*Washington Post* article). *See* Dkt. # 37, Ex. A.

**MOTION TO STRIKE**

The Court should strike Plaintiff's Second Supplemental Declaration and Exhibit A—purportedly a *Washington Post* article. *See* Dkt. # 37, Ex. A. Plaintiff's pattern of ignoring the rules governing what evidence this Court may consider reveals that even Plaintiff thinks the administrative record fails to support his claim. Late filed newspaper articles do not help his cause.

Plaintiff's newest submission with his Reply brief in support of his Rule 52 motion (Dkt. # 37, Ex. A) violates at least three (3) governing rules concerning what evidence this Court may properly consider in these dueling ERISA-governed Rule 52 motions. ***First,*** Plaintiff's declaration and exhibit violate the black letter general rule that "[a] movant may not raise new facts or

DEFENDANT'S SURREPLY/MOTION TO STRIKE
MATERIALS FROM PLAINTIFF'S REPLY - 1
CASE NO. 2:21-cv-00980-TL

100447.0203/8918253.3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

arguments in his reply brief." *Quinstreet, Inc. v. Ferguson,* 2008 WL 5102378, at *4 (W.D. Wash. Nov. 25, 2008) (citing *U.S. v. Puerta,* 982 F.2d 1297, 1300 n. 1 (9th Cir. 1992)).  Plaintiff offers new and yet remarkably unscientific newspaper articles, which should be excluded.

**Second,** the submission should be excluded for the same reasons stated in Unum's earlier Motion to Strike.  *See* Dkt. # 35 at 2-3.  This Court's review is *de novo* and therefore is limited to review of the administrative record: "only the evidence that was before the plan administrator at the time of determination should be considered." *Opeta v. Northwest Airlines Pension Plan*, 484 F.3d 1211, 1217-18 (9th Cir. 2007) (*de novo* review limited to administrative record: the district court abused its discretion in considering evidence outside the record in violation of the limited, narrow exceptions to that rule).

**Third,** Plaintiff's unauthenticated, unscientific magazine and/or newspaper articles—never "peer reviewed" and without reference to any expert—are rank hearsay and should be excluded. *See Bartholomew v. Unum Life Ins. Co. of Am.*, 588 F.Supp.2d. 1262, 1267 (W.D. Wash. 2008). Whatever Plaintiff's claimed condition, "[t]he mere existence of impairment is insufficient proof of disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). The only medical and vocational experts reviewing *the entire record* concluded Plaintiff failed to show that his claimed impairment precludes him from performing his occupation as viewed in the national economy.

DATED: March 16, 2022

LANE POWELL PC

By: /s/ D. Michael Reilly
D. Michael Reilly, WSBA No. 14674
Riley R. Moyer, WSBA No. 56243
reillym@lanepowell.com
moyerr@lanepowell.com
Attorneys for Defendant Unum Life Insurance Company of America

DEFENDANT'S SURREPLY/MOTION TO STRIKE MATERIALS FROM PLAINTIFF'S REPLY - 2
CASE NO. 2:21-cv-00980-TL

100447.0203/8918253.3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107