THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM F. ABRAMS,

        Plaintiff,

   v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

        Defendant.

Case No. 2:21-cv-00980-TL

**PLAINTIFF'S SURREPLY IN RESPONSE TO DEFENDANT'S MOTIONS TO STRIKE**

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

Plaintiff's Surreply in Response to Defendant's Motions to Strike – page 1 of 4
(No. 2:21-cv-00980-TL)

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97212
503-223-7400

Unum's Motion to Strike (Dkt. #35, pp. 2-3) and Surreply/Motion to Strike Material from Plaintiff's Reply (Dkt. #40) seek to strike a temperature chart (Dkt. #34-4) and five articles (Dkt #33, p. 16,[1] Dkt. #34-1, Dkt. #34-2, Dkt. #34-3,[2] Dkt. #37-1) cited and/or filed in support of Mr. Abrams's Response to Defendant's Rule Motion (Dkt. #33) and Reply in Support of Plaintiff's Motion for Judgment (Dkt. #36). Unum's motions to strike should be denied. These supporting materials rebut incorrect assertions that Unum made in its final denial letter (R. 3969-77) and Rule 52 papers. They are relevant and probative, and admissible.

### A.  The temperature chart merely summarizes evidence already in the record and is proper under FRE 1006.

The temperature chart (Dkt. #34-4) summarizes data in the record and is admissible under FRE 1006.[3] All information in the chart has been available to Unum since Mr. Abrams submitted his spring 2021 appeal. *See*, Dkt. #30-1, p. 20. Unum continues to cite 12 normal temperature readings while ignoring 690 abnormal readings, including 136 documented by video or photo (Dkt. #33, p. 24), but does not contend that the videos or photographs were falsified. *See*, Dkt. #25, pp. 4, 12, 15. The chart presents this voluminous and probative evidence in clear detail.

### B.  The articles rebut Unum's erroneous statements in its final benefits denial letter and Rule 52 papers.

Unum objects to four articles from trustworthy publications that are cited in Mr. Abrams's Response and Reply: "Long-Haulers Are Fighting for Their Future," *The Atlantic*, 9/1/21 (Dkt. #34-1), "Researchers are Closing in on Long COVID," *The Economist*, 4/29/21 (Dkt. #34-1), "Long-Haulers Are Redefining COVID-19," *The Atlantic*, 8/19/20 (Dkt. #34-3),

---

[1] Mr. Abrams's Response cites this article. *Id.*, pp. 16, 18, 22, 23.
[2] Dkt. #34-3 is in the record (R. 985-87) but is not fully legible. *See* Dkt. #33, p. 14 n 5.
[3] Unum's claim that "[t]he table is… incomplete: doctors tried at least twelve attempts" to measure fevers, is erroneous. Dkt. # 35, p. 3. The chart lists *thirteen* readings at office visits. *See* Dkt. # 34-4, pp. 1, 11, 15, 17, 18.

Plaintiff's Surreply in Response to Defendant's Motions to Strike – page 2 of 4
(No. 2:21-cv-00980-TL)

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97212
503-223-7400

and "Covid long-haulers face grueling fights for disability benefits," *The Washington Post*, 3/8/22 (Dkt. #37-1).

The two *Atlantic* articles and the *Economist* article (Dkt #34-1, #34-2, #34-3)[4] are relevant and probative on the fact that negative COVID tests do not rule out COVID and that COVID patients suffer diverse and variable symptoms. These are important scientific issues in this case. Unum pointed to Mr. Abrams's negative COVID test results six times in its final denial letter (R. 3970, 3972-73) and throughout its motion (Dkt. #25, pp. 1, 3, 4, 6, 8, 9, 12-14, 16, 20-21). Unum's assertion that the *Atlantic* articles lack "scientific rigor" is unfounded. Dkt. #35, p. 3. The author of these articles, Ed Jong, was awarded the Pulitzer Prize, among others, for his reporting on COVID.[5] Mr. Abrams Response cites and quotes statements in these articles regarding research by named scientists with expertise. *See* Dkt. #33, p. 14.

The law review article, Thomas, P., 2022, "Fifteen Years Later - Did the Unum Group Improve Its ERISA Claims Handling Practices*?*", *MC Law Digital Commons*, documents Unum's history of engaging in six tactics that it used in denying Mr. Abrams's claim. *See*, Dkt. #33, p. 16. The *Washington Post* article (Dkt. #37-1) documents Unum's denial of a disability claim based upon negative COVID testing – another tactic Unum has used in this case. *See, e.g.,* R. 3970, 3972, 3973, Dkt. #35, pp. 1, 3, 4, 6, 8, 9, 12-14, 16, 20-21. Courts have found articles addressing Unum's history of using bad faith tactics probative and admissible. *See Sconiers v. First Unum Life Ins. Co.,* 830 F. Supp. 2d 772, 783 and n 5 (N.D. Cal. 2011) (characterizing evidence (including a law review article) that "Unum systematically engaged in bad-faith practices" as "disconcerting" and denying Unum's motion to strike the article); *Chronister v.*

---

[4] *See* n 1.
[5] https://www.pulitzer.org/winners/ed-yong-atlantic (accessed 3/17/21)

Plaintiff's Surreply in Response to Defendant's Motions to Strike – page 3 of 4
(No. 2:21-cv-00980-TL)

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97212
503-223-7400

*Unum Life Ins. Co. of Am.*, 563 F.3d 773, 776 (8th Cir. 2009) ("Unum's history of arbitrarily denying claims is [a] factor that the Court must consider in determining whether Unum abused its discretion in denying Chronister's claim[]" (citing a law review article that describes Unum's tactics)). *The Washington Post* article does not raise new arguments in this case. *See,* Dkt. #40, p. 1. Mr. Abrams raised Unum's well-documented bad faith tactics in his appeal. R. 3964-65. Unum ignored, and did not refute, his assertions in its final denial letter. *See*, R. 3969-77.

The articles are relevant and probative, and therefore admissible. *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943-44 (9th Cir. 1995), adopted "a scope of review that permits the district court in its discretion to allow evidence that was not before the plan administrator." *Id*. *Tremain v. Bell Indus.*, 196 F.3d 970, 978 (9th Cir. 1999), holds that evidence that meets *Mongeluzo*'s standard "need not satisfy the strict rules for the admissibility…and may be considered so long as it is relevant, probative, and bears a satisfactory indicia of reliability." *See also, Koloff v. Metro. Life Ins. Co.,* No. 1:13-cv- 02060 LJO JLT, 2014 U.S. Dist. LEXIS 95581, at *9 (E.D. Cal. July 11, 2014) ("hearsay objections are not well-founded in an ERISA action…").

## CONCLUSION

For all these reasons, Unum's motions to strike should be denied.

DATED:  March 18, 2022, at Portland, Oregon.

*s/ Megan E. Glor*
Megan E. Glor, (OSB #930178) (*pro hac vice*)
707 NE Knott Street, Suite 101
Portland, OR 97212
Telephone: (503) 223-7400
Email: megan@meganglor.com

Plaintiff's Surreply in Response to Defendant's Motions to Strike – page 4 of 4
(No. 2:21-cv-00980-TL)

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97212
503-223-7400