THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM F. ABRAMS, <br><br> Plaintiff, <br><br> v. <br><br> UNUM LIFE INSURANCE COMPANY OF AMERICA, <br><br> Defendant. | Case No. 2:21-cv-00980-TSZ <br><br> DECLARATION OF MALA M. RAFIK IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS |

I, Mala M. Rafik, hereby testify as follows:

1. I am a partner at Rosenfeld & Rafik, P.C. (www.rosenfeld.com), in Boston, Massachusetts. I am competent to testify and base this declaration on my personal knowledge.

2. I submit this declaration in support of Plaintiff's application for attorneys' fees and costs in connection with services rendered in the above-entitled action.

3. I am a 1997 graduate of Northeastern Law School in Boston, Massachusetts. I have been a member in good standing of the Massachusetts Bar since December 1997 and am a member of the bar of the U.S. District Court for the District of Massachusetts and the First Circuit.

DECL. OF MALA M. RAFIK IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS
Page 1 of 6
(No. 2:21-cv-00980-TSZ)

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97212
503-223-7400

4. I have been practicing as a civil litigation attorney at Rosenfeld & Rafik, P.C., f/k/a Rosenfeld Rafik & Sullivan, P.C., f/k/a Rosenfeld & Associates, P.C., since August 1998.

5. I am currently the Chair of the Board of Directors of Health Law Advocates, the Chair of the Board of Directors of the Massachusetts Legal Assistance Corporation, and a member of the Board of Directors of Prisoner's Legal Services. I am a former member of the Board of Directors of the Massachusetts Chapter of the American Civil Liberties Association and of the Massachusetts Advocates for Children and the Boston Bar Association Council and a former Chair of the Boston Bar Association's Civil Rights and Civil Liberties Committee

6. I am a past Chair of the Insurance Section of the American Association of Justice. I am currently the Plaintiff's Vice-Chair for the Health, Disability, and Life Insurance Committee within the Tort Trial & Insurance Practice Section of the ("ABA"). I have formerly held the positions of Vice-Chair of the Health and Disability Law Committee and a Vice-Chair of the Life Insurance General Committee within the Tort Trial & Insurance Practice Section of the ABA. I am a Subcommittee Co-Chair of the Employee Benefits Committee of the ABA Labor and Employment Section.

7. I am an Editor of *Employee Benefits Law*, Fourth Edition, published by BNA Bloomberg, and have been since 2013. I have lectured extensively on ERISA disability benefits litigation, including, at the ABA Tort and Insurance Practice Section conference (2009-2020), the ABA's ERISA Basics conferences/webinars (2009-2011, 2015-2017) and the ABA's "ERISA Litigation and Attorney's Fees" program (2020).

8. In the past twenty-five years, I have handled well over a thousand disability benefit and health insurance benefit denial cases under ERISA. I have been involved in all aspects of the

DECL. OF MALA M. RAFIK IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS
Page 2 of 6
(No. 2:21-cv-00980-TSZ)

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97212
503-223-7400

claims process and in litigating claims denials in state and Federal District Court and in the First Circuit, and have submitted a writ of certiorari in the United States Supreme Court. I have litigated, both alone and with members of my firm, several ERISA cases that have addressed issues of first impression, including *Doe v. Harvard Pilgrim Health Care*, 904 F.3d 1 (1st Cir. 2018); *McDonough v. Aetna Life Ins. Co.,* 783 F.3d 374, 382 (1st Cir. 2015), *Colby v. Union Central Ins. Co.*, 705 F.3d 58 (1st Cir. 2013); *Glista v. Unum Life Ins. Co. of Am.*, 378 F.3d at 126 (1st Cir. 2004), *Ritter v. Massachusetts Cas. Ins. Co.*, 439 Mass. 214 (Mass. 2003) and *Skipper v. Claims Servs. Int'l*, 213 F.Supp.2d 4 (D.Mass. 2002).

   9. I have handled additional ERISA matters, including *K.D. v. Harvard Pilgrim Health Care, et. al.*, 2022 WL 17586091 (D.Mass. Dec. 12, 2022); *Host v. Unum Life Ins. Co*. 569 F.Supp.3d 48 (D.Mass. 2021); *Estate of Paul Nelson Chambers v. Blue Cross and Blue Shield of Mass.*, 2021 WL 4079794 (D.Mass. Sept. 8, 2021), *McKinnon v. Unum Group*, *et.al.*, 516 F.Supp.3d 49 (D.Mass. 2021), *Ampe v. The Prudential Ins. Co. of Am.*, 2018 WL 5045184 (D.Mass. Oct. 17, 2018), *Hatfield v. Blue Cross Blue Shield of Mass., Inc.*, 162 F.Supp.3d 24 (D.Mass. 2016); *Host v. Unum Life Ins. Co*. 2016 WL 3814807 (D.Mass. July 13, 2016), *Doe v. Aetna Life Ins. Co.*, 2016 WL 7799638 (D.Mass. April 20, 2016), *Young v. Aetna Life Ins. Co.*, 88 F. Supp. 3d 11 (D.Mass. 2015), *Cowern v. Prudential Insurance Co. of Am.,* 130 F.Supp.3d 443 (D.Mass. 2015), *Al-Abbas v. Metropolitan Life Ins. Co.,* 52 F.Supp.3d 288 (D.Mass. Sept. 30, 2014), *Doe v. Unum Life Ins. Co. of Am.,* 35 F.Supp.3d 182 (D.Mass. Aug. 8, 2014), *Al-Abbas v. Metropolitan Life Ins. Co.,* 2013 WL 5947996 (D.Mass. Nov. 4, 2013), *Quinlisk v. Unum Life Ins. Co.,* 2009 WL 6506884 (D.Mass. September 29, 2009), and *Weed v. Prudential Ins. Co. of Am.*, 2009 WL 2835207 (D.Mass. 2009).

DECL. OF MALA M. RAFIK IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS
Page 3 of 6
(No. 2:21-cv-00980-TSZ)

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97212
503-223-7400

10. I consider myself to be a specialist in ERISA employee welfare benefits law. To maintain my specialty practice, I spend at least five to seven hours a week reviewing ERISA decisions and consulting with other ERISA practitioners in Massachusetts and across the country.

11. ERISA cases are generally viewed as unattractive to attorneys as damages are unavailable, and often, the recovery is relatively low in relation to the number of hours required to pursue these cases successfully. Moreover, as attorney's fees are generally not available for work performed during the internal appeal, when a claimant's factual case is developed, many attorneys are reluctant to take on ERISA matters. I find that attorneys who do not practice in this area are routinely shocked to hear that the record cannot be supplemented in litigation, that discovery is largely unavailable to plaintiffs, and that there is no right to a jury trial.

12. There is a very limited pool of attorneys – I estimate less than 150 -- nationwide that regularly litigate ERISA disability claims on behalf of plaintiffs.

13. I have known Megan Glor professionally for approximately 20 years. We have collaborated numerous times on one of her cases or on one of my cases. I am familiar with her work product and devotion to her ERISA benefit practice.

14. I have reviewed the Declaration of Michelle L. Roberts and agree with her statements regarding Ms. Glor's excellent reputation in benefits litigation on behalf of claimants in Oregon and the northwest. I agree that Ms. Glor is a highly experienced and successful claimant's ERISA lawyer, as shown by her case list in her declaration. I know her work product to be excellent and agree with Ms. Roberts that Ms. Glor is in the top echelon of ERISA plaintiff's attorneys in the country.

DECL. OF MALA M. RAFIK IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS
Page 4 of 6
(No. 2:21-cv-00980-TSZ)

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97212
503-223-7400

15. Like Ms. Roberts, I fully support that Ms. Glor's request to be compensated for 309.4 hours of work in this case and agree with Ms. Roberts' statement that "[t]he case warranted the highest level of advocacy and work product" based upon the circumstances Ms. Roberts describes in paragraphs 11 of her declaration.

16. It is very time-consuming to prepare briefs of this quality. There is no reasonable shortcut to preparing well-written, persuasive briefs with accurate, thorough citations to back up every statement, which Ms. Glor did in this case. I concur with Ms. Roberts' statements in paragraphs 11-12 of her declaration regarding Ms. Glor's superior work product.

17. In my experience, attorneys – and particularly litigation attorneys – expect top notch work product and Ms. Glor was well qualified to do, and did, an excellent job representing the plaintiff in this case. In my opinion, Ms. Glor's time spent on all other aspects of the case were reasonable and necessary.

18. I also fully support attorney Eleanor Hamburger's request to be compensated for 5.1 hours of work in his case. Ms. Hamburger's declaration shows that she is a highly experienced litigator in the area of benefits litigation, particularly in complex class action cases, and she made reasonable and necessary contributions to the excellent work product in this case.

19. In summary, I fully support plaintiff's request for an award of attorney's fees for 309.4 hours by Ms. Glor and 5.1 hours by Ms. Hamburger in this case. In my professional opinion, all of the time expended in this case, and for which fees are sought, was reasonable, necessary and appropriate for the work performed and results obtained in this case.

//

//

DECL. OF MALA M. RAFIK IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS
Page 5 of 6
(No. 2:21-cv-00980-TSZ)

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97212
503-223-7400

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 17th day of January, 2023.

s/ Mala M. Rafik
Mala M. Rafik
BBO No. 638075
ROSENFELD & RAFIK, P.C.
184 High Street, Suite 503
Boston, MA 02110
Tel. 617-723-7470
Fax. 617-227-2843
Email. mmr@rosenfeld.com

DECL. OF MALA M. RAFIK IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS
Page 6 of 6
(No. 2:21-cv-00980-TSZ)

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97212
503-223-7400