HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM F. ABRAMS,

                          Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF
AMERICA,

                          Defendant.

Case No.  2:21-cv-00980-TSZ

**DEFENDANT'S COMBINED
RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTIONS FOR
ATTORNEYS' FEES AND ENTRY OF
PROPOSED JUDGMENT**

NOTE ON MOTION CALENDAR:
February 3, 2023

## I.  **INTRODUCTION**

Defendant, Unum Life Insurance Company of America ("Unum"), through its attorneys, hereby opposes Plaintiff's Motion for an Award of Attorney Fees (Dkt. #45) and Motion for Entry of Proposed Judgment (Dkt. #52) pursuant to 29 U.S.C. § 1132(g)(1) ("Motion") as follows.

Plaintiff's counsel seeks attorney's fees because the Court granted, in part, Plaintiff's Rule 52 motion on his claim for benefits, and awarded Plaintiff long-term disability ("LTD") benefits, under ERISA 29 U.S.C. § 1132(a)(1)(B). (Dkt. #43.)  Even if counsel is entitled to attorney's fees, she is not entitled to all of the fees sought. The requested hourly rates are neither reasonable nor supported by recent court precedent, the hours spent on certain tasks are excessive and duplicative, and some of the time entries are vague and consist of impermissible block billing. **Accordingly, the Court should reduce any fee award to $87,590. (184.4 hours x $475 market hourly rate).** Moreover, since Unum plans to appeal the judgment once entered, Unum respectfully requests that any fee award be stayed pursuant to Rule 62(b) until Unum's appeal of the judgment is decided.

DEF'S COMBINED RESPONSE IN OPPOSITION
TO PL'S MOTIONS FOR FEES AND ENTRY OF
PROPOSED JUDGMENT - 1
CASE NO. 2:21-cv-00980-TSZ
100447.0203/9244401.3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1

## II.  <u>ARGUMENT REGARDING ATTORNEY FEES</u>

2

A.    **The *Hummell* Factors.**

3

In an ERISA claim to recover unpaid disability benefits, "the court in its discretion may

4
allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

5
"[A]fter determining a litigant has achieved some degree of success on the merits, district courts

6
must still consider the *Hummell* factors before exercising their discretion to award fees under §

7
1132(g)(1)." *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1121 (9th Cir.

8
2010). The *Hummell* factors are: (1) the degree of the opposing parties' culpability or bad faith;

9
(2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees

10
against the opposing parties would deter others from acting in similar circumstances; (4) whether

11
the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or

12
to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties'

13
positions. *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). "No one of the

14
*Hummell* factors, however, is necessarily decisive, and some may not be pertinent in a given case."

15
*Carpenters S. Cal. Admin. Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984).

16
Here, as to the first factor, the Court determined that Unum was *not* culpable and was not

17
in bad faith.  (Dkt. #43, at 11-12.)   As the Court noted, "the evidence of disability is not

18
overwhelming" and "multiple relevant pieces of evidence . . . support[ed] Defendant's denial." *Id.*

19
at 12.  Second, it is not disputed that Unum has the ability to satisfy the award. Third, since the

20
Court determined that "multiple relevant pieces of evidence in this case support[ed]" Defendant's

21
denial, it cannot be said that an award of attorney fees in this case would aid in deterring others

22
from similar circumstances. The fourth factor in the *Hummell* analysis weighs in favor of Unum

23
because the Plaintiff is not benefitting all plan participants.

24
As to the fifth factor, Unum concedes that although both positions had merit, the Court did

25
rule in Plaintiff's favor. Consequently, to the extent the Court finds Plaintiff satisfied the *Hummell*

26
factors, ever so slightly, then Unum respectfully requests that the Court exercise its discretion in

27
reducing the amount of fees awarded because both positions did have merit. *Moreno v. City of*

DEF'S COMBINED RESPONSE IN OPPOSITION
TO PL'S MOTIONS FOR FEES AND ENTRY OF
PROPOSED JUDGMENT - 2
CASE NO. 2:21-cv-00980-TSZ
100447.0203/9244401.3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1    *Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (district court can "impose a small reduction, no
2    greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more
3    specific explanation.")  Unum also requests that fees not be awarded at this time because Unum
4    plans to appeal the Court's order (once it is reduced to a judgment) on the Rule 52 motions to the
5    Ninth Circuit Court of Appeals.

6    **B.    The Court Should Significantly Reduce Plaintiff's Fee Request.**

7         In the Ninth Circuit, an appropriate fee award is determined by calculating the "lodestar"—
8    multiplying the number of hours reasonably expended by a reasonable hourly rate. *Jordan v.*
9    *Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987); *Morales v. City of San Rafael*, 96 F.3d
10   359, 363 (9th Cir. 1996). "The party seeking fees bears the burden of documenting the hours
11   expended in the litigation and must submit evidence supporting those hours and the rates claimed."
12   *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007).  Here, this Court should
13   reduce the fee award because Plaintiff's request is unreasonable both in the hourly rate and hours
14   claimed.

15        **1.    The Requested Hourly Rate Is Not Reasonable.**

16        To determine the reasonable hourly rate, the Court considers "the experience, skill, and
17   reputation of the attorney requesting fees." *Welch*, 480 F.3d at 946 (quoting *Chalmers v. City of*
18   *Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986)). The Court also may consider the type of case:
19   hourly rates in single plaintiff ERISA disability cases are lower than ERISA class action cases.
20   *Lehman v. Nelson,* 2018 WL 3727600, at *1 (W.D. Wash. August 6, 2018) (in an ERISA class
21   action case, the Court explained that hourly attorney rates in single plaintiff ERISA disability cases
22   run much *lower* than hourly rates in class action claims, and that cited cases on hourly rates in
23   single plaintiff cases were not considered in determining rate in class action cases because single
24   plaintiff cases are "not as complex . . . ."; Richard Birmingham sought $665 hourly rate for his
25   class action work in that case). The Court is required to review the "prevailing market rates in the
26   relevant community." *Bell v. Clackamas Cnty.*, 341 F.3d 858, 868 (9th Cir. 2003). The rates of
27   comparable attorneys in the forum district are usually used. *See Gates v. Deukmejian*, 987 F.2d

DEF'S COMBINED RESPONSE IN OPPOSITION
TO PL'S MOTIONS FOR FEES AND ENTRY OF
PROPOSED JUDGMENT - 3
CASE NO. 2:21-cv-00980-TSZ
100447.0203/9244401.3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1392, 1405 (9th Cir. 1992).

Defense counsel routinely reaches agreement with plaintiffs' counsel in these single plaintiff ERISA disability cases on the attorney fees to be paid---without need for a motion for fees to be filed with the court.  Indeed, in recent cases opposing Megan Glor, defense counsel has frequently reached agreement on the amount of fees to be paid to plaintiff's counsel. But when, in this case, Plaintiff demanded fees at hourly rates more than $215 higher than prior requests, claiming hours worked at multiples of the norm, Unum was constrained to oppose the fees sought in this case.

Plaintiff's counsel requests for the first time in defense counsel's experience, an hourly rate of $715 for three attorneys—Megan Glor, Rick Spoonemore, and Eleanor Hamburger. Plaintiff cites no case in which such a rate has ever been adopted by any court in the Western District of Washington in a single plaintiff ERISA case. Research failed to reveal any case in the Western District where a court awarded $715 per hour for any attorney in a single plaintiff ERISA disability case. Plaintiff does not assert that any of these attorneys have ever previously been awarded that rate in single plaintiff ERISA disability case.

The proposed hourly rate is based solely on the declaration of Richard Birmingham, who claims his "current" rate is $930 per hour[1], and Eleanor Hamburger's statement that her "new" hourly rate is $715 per hour.[2] Interestingly, Ms. Glor, Mr. Spoonemore, and Ms. Hamburger never state what their agreed rates with client Abrams were when they took this case, and this case is at least two years old.  Mr. Birmingham then randomly concludes the three attorneys should enjoy

---

[1] Mr. Birmingham does not distinguish between class action cases, which award higher rates than single plaintiff ERISA disability cases. The last known class action rate Mr. Birmingham received was at $665 per hour in the *Lehman* case, *infra*.  Mr. Birmingham never explains exactly how he decided the lower $715 rate was appropriate for these attorneys in this case.

[2] Ms. Hamburger's declaration references the $715 hourly rate she apparently obtained out of market (in Texas) and involving a class action. *C.C. v. Scott and White Health*, 502 F.Supp.2d 1146 (E.D. Texas 2020) (class action for health benefits related to autism). The rate is not relevant as it involves a different market, and courts here acknowledge that class actions involve more complexity, and higher rates, than single plaintiff ERISA disability claims. *Lehman v. Warner Nelson et. al,* 2018 WL 3727600 at *1 (W.D. Wash. August 6, 2018) (in setting hourly rate in class action case, court found that lower hourly rates awarded in single plaintiff ERISA disability cases were not relevant.)

DEF'S COMBINED RESPONSE IN OPPOSITION
TO PL'S MOTIONS FOR FEES AND ENTRY OF
PROPOSED JUDGMENT - 4
CASE NO. 2:21-cv-00980-TSZ
100447.0203/9244401.3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

the same rate of $715 per hour, never explaining why he randomly reduces that rate from his "current" rate.  This proposed rate should be rejected for several reasons.

*First*, in reading their declarations, not one of the attorneys claim they have ever received a court award of $715 per hour in a single plaintiff ERISA disability case in Western Washington. They offer no prior rate determinations for their work in prior cases involving single plaintiff ERISA cases. "[R]ate determinations in other cases, particularly those setting a rate for the plaintiff's attorney, are satisfactory evidence of the prevailing fees . . . ." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990); *Welch*, 480 F.3d at 945-46.  Prior rate determinations for Ms. Glor, including her stated hourly rate, are closer to $450 per hour.  *See, e.g.*, *Hermann v. Lifemap Asurance Co.*, 2018 WL 11290724 (D. Or. November 30, 2018).

*Second,* with all due respect to Mr. Birmingham, the validity of his "current" hourly rate is dubious because on the *same day* Mr. Birmingham signed his declaration in this case claiming his $930 hourly rate, Mr. Birmingham was emailing all ERISA defense counsel in the Seattle area pitching his ERISA legal expertise at $*650* per hour. *See* Declaration of D. Michael Reilly ("Reilly Decl.") ¶ 2, Ex. A (January 17, 2023 email from R. Birmingham to D. M. Reilly with fee schedule of $650.) Moreover, his stated "current" rate of $930 per hour, not specifying single plaintiff ERISA disability cases, is not relevant to a case that has existed for two years, and there is no statement in any declaration that this hourly rate is being paid by clients retained two years ago when this case started, or last year when most all of the work occurred.  So, if one applied Mr. Birmingham's currently advertised (and vigorously promoted) $650 hourly rate and reduced the attorney rate in this case by the same ratio that Mr. Birmingham did in his declaration, then the actual hourly rate for Ms. Glor, Mr. Spoonemore, and Ms. Hamburger, based on Mr. Birmingham's formula, is $495 per hour.

Moreover, as we show below, Mr. Birmingham and Ms. Hamburger must not have been aware of recent court decisions in the District, some actually in 2022, deeming as "reasonable" much lower rates for single plaintiff ERISA disability cases. Courts in this District have concluded that in single plaintiff ERISA disability cases a "reasonable" hourly is from $325 to $500 per hour.

DEF'S COMBINED RESPONSE IN OPPOSITION
TO PL'S MOTIONS FOR FEES AND ENTRY OF
PROPOSED JUDGMENT - 5
CASE NO. 2:21-cv-00980-TSZ
100447.0203/9244401.3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

*Third,* besides that, this is a straightforward single plaintiff case, and not "complex" like class action cases which award higher hourly rates. *Lehman,* 2018 WL 3727600, at *1 (in a class action case the court concluded that much lower hourly rates deemed reasonable in single plaintiff ERISA cases were *not* probative in determining hourly rates in "more complex" ERISA class action cases.)

The key point, here, is that courts in this District currently deem as "reasonable" much lower rates in single plaintiff ERISA disability cases. In 2022, the most recent single plaintiff ERISA cases in this District courts deemed "reasonable" rates in the range of $325 to $500 hourly rate for lead attorneys. *See, e.g., Principal Life Ins. Co. v. Hill*, 2022 WL 2718087 (W.D. Wash. July 13, 2022) (in ERISA case, court deemed "reasonable" $325 per hour for Plaintiff's lead counsel; June 30, 2022 Declaration of Edna Sybil Kersting; *Cherry v. Prudential Life Ins. Co. of Am.*, 2022 WL 3925304, at *4 (W.D. Wash. August 30, 2022) (in single plaintiff ERISA disability case, court concluded $500 hourly rate for lead counsel "excessive" and deemed $475 rate "reasonable"); *Chapin v. Prudential Ins. Co. of Am.*, 2021 WL 1090749 (W.D. Wash. March 22, 2021) (in single plaintiff ERISA LTD benefit case, court deemed $475 hourly rate "reasonable" relying in part on King County Superior Court order deeming the $475 hourly rate reasonable).

In *Bunger v. Unum Life Ins. Co. of Am*., 231 F. Supp. 3d 865, 872 (W.D. Wash. 2017), a single plaintiff ERISA case, plaintiff's counsel with 25 years of practice sought $500 per hour, based on 120 hours billed in the case). In *Flaaen v. Principal Life Ins. Co.*, 2017 WL 6527144, at *4-5 (W.D. Wash. Dec. 21, 2017), a single plaintiff ERISA disability case, the Court approved the $500 hourly rate but noted:

> Flaaen fails to explain why this case required almost 300 hours of work whereas the similar *Paulson* matter required less than 80 hours for the same successful result on similar alleged errors by Principal. To the extent that this matter involved litigating the standard of review, the Court finds that the reasonable additional hours would at most be twice what was requested in *Paulson.* It is also true that the Court requested some additional briefing in this matter increasing the reasonable number of hours expended. Recognizing that reducing hours in hindsight based on reasonableness is more of an art than a science, the Court finds that Mr. Roy's hours should be reduced by one third, which results in 200 reasonable hours of work.

*See also Paulson v. Principal Life Ins. Co*., 2017 WL 4843837, at *4 (W.D. Wash. Oct. 26, 2017)

DEF'S COMBINED RESPONSE IN OPPOSITION
TO PL'S MOTIONS FOR FEES AND ENTRY OF
PROPOSED JUDGMENT - 6
CASE NO. 2:21-cv-00980-TSZ
100447.0203/9244401.3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1   (in single plaintiff ERISA disability case, Court approved $500 hourly rate on 80 hours billed).  It

2   is counsel's burden to "submit evidence supporting . . . the rates claimed." *Welch*, 480 F.3d at 945–

3   46. They have not done so here. A reasonable rate, based on the most recent court decisions in

4   single plaintiff ERISA disability cases in this District, is between $325 and $500 per hour, and

5   Unum submits a rate of $475 is reasonable based on the most recent court decisions in the District.

6       Accordingly, the Court should determine that a $475 hourly rate is reasonable for the

7   attorney's fee award here. This would reduce the overall fee request to $146,965 (309.4 hours),

8   before removing excessive and duplicative hours.

9       **2.      The Court Should Reduce the Excessive Hours Sought.**

10      "A party is certainly free to pay its lawyers whatever it wishes, but it cannot expect to shift

11  the cost of any . . . excesses to its opponent." *Taylor v. Albina Cmty. Bank*, 2002 WL 31973738,

12  at *5 (D. Or. Oct. 2, 2002). The Court should reduce the requested fees because of the excessive

13  and duplicative hours spent on this single plaintiff case.  This routine, non-complex long term

14  disability benefit denial case should not require over 200 hours billed by three experienced ERISA

15  attorneys.

16      *First,* as an overview, Plaintiff's request for hours worked in this case far exceeds hours

17  sought in similar single plaintiff ERISA disability cases. Hours spent on these single plaintiff

18  ERISA disability cases vary from 80 to 200 hours of billed time.  As highlighted in the recent

19  *Flaaen* case, above, courts reject applications for 300 hours in these types of single plaintiff ERISA

20  disability cases.  For example, as cited above, recent awards in *Cherry* (80.9 hours), *Bunger* (145

21  hours)*, Flaaen* (200 hours) and *Paulson* (177 hours) involved significantly lower hours, but some

22  of those cases actually involved much more work, litigating more complex legal issues and

23  concerning many more alleged medical impairments.  *See Bunger*, 231 F. Supp. 3d 865 (involved

24  Rule 52 motions seeking both short-term and long-term disability benefits); *Paulson*, 2017 WL

25  4843837, at *4 (Court granted Plaintiff's motion for summary judgment and awarded fees of

26  $83,184.00 based on 177 hours); *Cherry,* 2022 WL 3925304, at *5.  In *Flaaen,* the Court awarded

27  $137,294 in fees after reducing the attorney's claimed hours 33% and allowing only 200 hours.

DEF'S COMBINED RESPONSE IN OPPOSITION
TO PL'S MOTIONS FOR FEES AND ENTRY OF
PROPOSED JUDGMENT - 7
CASE NO. 2:21-cv-00980-TSZ
100447.0203/9244401.3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

2017 WL 6527144, at *5.  The *Flaaen* case involved a lot more work than this case: counsel moved for summary judgment, then the parties had to prepare for and attend a one-day bench trial, and then the parties prepared post-trial briefing.  *Id.*  Given the awards in *Bunger, Paulson*, *Cherry,* and *Flaaen,* the Court should reduce the overall fee request. The number of hours sought here, 309.4 hours, falls way outside the norm of 80 to 200 hours in a single plaintiff ERISA case.

*Second*, counsel "has the burden of demonstrating that where more than one attorney is involved, the time requested reflects the distinct contribution of each attorney." *Hawai'i Wildlife Fund v. Cnty. of Maui*, 2022 WL 617987, at *18 (D. Haw. Feb. 15, 2022), *report and recommendation adopted*, 2022 WL 614944 (D. Haw. Mar. 2, 2022).  Plaintiff has not done so here: At least three partners worked on Plaintiff's case. Defense counsel had one partner and one associate. Moreover, Plaintiff's counsels' time entries are vague and, given the duplicate entries, without detail, the Court should deduct these hours as unnecessary, especially given each attorney's claimed expertise. *See, e.g., Echague v. Metro. Life Ins. Co.*, 69 F.Supp.3d 990, 995 (N.D. Cal. 2014) (in ERISA long term disability case, the court determined the court should "exclude hours that were not 'reasonably expended,' including where a case is overstaffed or where claimed hours are 'excessive, redundant, or otherwise unnecessary.'") Indeed, the Ninth Circuit has stated that a district court can "impose a small reduction, no greater than 10 percent— a 'haircut'—based on its exercise of discretion and without a more specific explanation." *Moreno,* 534 F.3d at 1112; *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

As an overview, Unum has assembled a list of entries considered excessive, duplicative, vague, and which involve block billing in the Declaration of D. Michael Reilly, submitted concurrently.  *See* Reilly Decl. at ¶ 6.  Briefly, there are many tasks that involved excessive amounts of time and failed to sufficiently describe the work that was performed, which should be reduced. For example, Plaintiff's counsel spent 66.5 hours preparing Plaintiff's Rule 52 motion over many days, without differentiating the work performed.  A reasonable number of hours should be 40 hours.  Plaintiff's counsel then spent 98.1 hours drafting the response to Unum's Rule 52 motion, despite being already well informed of the record and asserting the same legal arguments

DEF'S COMBINED RESPONSE IN OPPOSITION
TO PL'S MOTIONS FOR FEES AND ENTRY OF
PROPOSED JUDGMENT - 8
CASE NO. 2:21-cv-00980-TSZ
100447.0203/9244401.3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

previously presented in Plaintiff's motion.  The entries also span many days without differentiating the work performed. A reasonable amount of time would have been 40 hours to respond to Unum's Motion.

Reviewing the specific time entries, there are many instances of Plaintiff's counsel reviewing dozens and dozens of news articles not in the administrative record. These entries are highly repetitive, unspecific, and were unreasonable given that the Court's review should have been limited to the administrative record.  When all of these deficiencies are accounted for (as described in the accompanying declaration), the total number of billable hours should be reduced to 184.4 hours. The Court should strike or reduce the entries which are excessive, duplicative, vague, and involve block billing as listed in the Reilly declaration at ¶ 6. *See Angel Jet Servs., LLC v. Giant Eagle, Inc*., 2013 WL 11311729, at *9-10 (D. Ariz. Apr. 17, 2013) (reducing fee request 10% for duplicative billing), *aff'd*, 617 Fed. Appx. 731 (9th Cir. 2015).

### 3.    Certain Time Entries Consist of Improper Block Billing.

Courts reduce fee requests when block billing is observed.  *See Welch*, 480 F.3d at 948 ("We do not quarrel with the district court's authority to reduce hours that are billed in block format. The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked."); *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (a district court may reduce hours to offset "poorly documented" billing.)  The Ninth Circuit has relied on a report by the California State Bar's Committee on Mandatory Fee Arbitration, which concluded that block billing "may increase time by 10% to 30%," as an appropriate guide in reducing block billing. *Welch*, 480 F.3d at 948.

Block billing is present in Plaintiff's submission.  See Reilly Decl. at ¶ 6.  Plaintiff should not recover in full for these block-billed entries. These entries are vague and poorly document the time spent. They should be reduced by 20% (representing the middle ground of the figures found by the California State Bar's Committee on Mandatory Fee Arbitration) to account for these improper block billing entries.

Accordingly, Unum respectfully requests that the hours billed be reduced to **184.4 hours,**

DEF'S COMBINED RESPONSE IN OPPOSITION
TO PL'S MOTIONS FOR FEES AND ENTRY OF
PROPOSED JUDGMENT - 9
CASE NO. 2:21-cv-00980-TSZ
100447.0203/9244401.3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

at the market rate of $475 for a total fee award of $87,590.

## C.    Any Fee Award Should Be Stayed Pursuant to Rule 62(b) Until Unum's Appeal Is Decided.

Once this Court enters judgment, Unum will file its notice of appeal. To preserve the status quo until Unum's appeal to the Ninth Circuit Court of Appeals has been ruled upon, Unum respectfully requests that this Court stay enforcement of any attorney's fee award pursuant to Federal Rule of Civil Procedure 62(b). *See* Fed. R. Civ. P. 62(b) ("At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.")

The Ninth Circuit recognizes that an attorney's fee award is a monetary judgment, and thus subject to the right to a stay of enforcement under Rule 62(b*). See, e.g., Wishtoyo Found. v. United Water Conserv. Dist*., 2019 WL 8226058, at *2 (C.D. Cal. Apr. 11, 2019) (granting stay of attorneys' fees order, upon payment of supersedeas bond, as a matter of right pursuant to Federal Rule of Civil Procedure 62(b); rejecting plaintiffs' argument that award of attorney's fees was not a money judgment).

Here, no bond is necessary because Unum has assets sufficient to pay the judgment, including any attorney's fee award.  Plaintiff and Plaintiff's counsel should know that any judgment and fee award would be satisfied without posting a bond if Unum loses its appeal. *See, e.g.*, *Manriquez v. Vangilder*, 2021 WL 1749915, at *2 (N.D. Cal. May 4, 2021) (staying fees order pending appeal because "the State's ability to pay the modest award in this case is so plain that the cost of bond would be a waste of money").

### III.  ARGUMENT REGARDING PLAINTIFF'S PROPOSED JUDGMENT

## A.    Plaintiff's Proposed Judgment Awards Remedies Not Sought and Impermissibly Changes the Terms of the Applicable Policy.

Plaintiff's proposed judgment (Dkt. #53-1) should be rejected for several reasons. Plaintiff's proposed judgment erroneously states that Unum "*shall continue to pay plaintiff long term disability benefits from the date of judgment through July 20, 2023, absent a showing of*

DEF'S COMBINED RESPONSE IN OPPOSITION
TO PL'S MOTIONS FOR FEES AND ENTRY OF
PROPOSED JUDGMENT - 10
CASE NO. 2:21-cv-00980-TSZ
100447.0203/9244401.3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1  *improvement such that a reasonable physician would conclude that plaintiff can return to work in*

2  *his regular occupation, without undue disruptions or absences due to his illness and its related*

3  *symptoms*." *See* Pl. Proposed. Judgment (Dkt. #53-1).

4          Plaintiff's proposed judgment goes beyond the issues presented to and considered by this

5  Court. This Court was asked to determine whether Plaintiff was qualified for benefits under the

6  ERISA plan and related policy as of the date benefits were denied: July 12, 2021. The Court,

7  through its order, has concluded that Plaintiff is qualified for benefits under the policy.  Unum

8  understands that the judgment should award back benefits to the date of this court's entry of

9  judgment, which is typically done in these cases.

10         Plaintiff's proposed language then overreaches by proposing to this Court that Unum be

11 obligated to pay benefits through to July 20, 2023. *First,* this Court was not asked to determine,

12 and certainly the record has not been prepared for this Court to determine, whether Plaintiff

13 *currently* satisfies policy requirements for benefits through to July 20, 2023.

14         *Second,* Plaintiff's proposed language erroneously proposes that this Court change the

15 terms of the policy. Under the terms of the policy Plaintiff has an obligation to provide updated

16 evidence of his impairment, and Unum is entitled to reassess whether, from the date of the

17 judgment, Plaintiff qualifies for benefits through to July 20, 2023. Plaintiff proposes a judgment

18 that impermissibly would deny Unum its right under the Proof of Loss provision to assess whether

19 Plaintiff still meets the definition of "disabled" at a future point in time.  *See, e.g., Dishman v.*

20 *Unum Life. Ins. Co. of Am.,* 269 F.3d 974, 984 (9th Cir. 2001); *Mitchell v. Providence Health Plan,*

21 2010 WL 5158540 *10 (D. Or. 2010)(holding that plaintiff's claim for clarification is not

22 justiciable because it asks the court to "preemptively declare her right to future medical benefits

23 irrespective of a number of dynamic variables, including her future medical condition…")*; Peer*

24 *v. Liberty Life Assurance Co.*, 758 Fed. Appx. 882, 885 (11th Cir. 2019) ("As the district court

25 observed, we "fail[ ] to see ... how the Court may adjudicate [Peer's] disability status in the future.")

26         *Third*, Plaintiff's proposed language "*absent a showing such that a reasonable physician*

27 *would conclude…*" imposes language that is not contained in the policy. Any future assessment

DEF'S COMBINED RESPONSE IN OPPOSITION
TO PL'S MOTIONS FOR FEES AND ENTRY OF
PROPOSED JUDGMENT - 11
CASE NO. 2:21-cv-00980-TSZ
100447.0203/9244401.3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

should be based upon criteria listed in the language of the policy.

**B.      Back Benefits Should be Reduced by Applicable Offsets.**

Plaintiff's proposed judgment does not specify an amount for an award of back benefits. Before submitting this brief, defense counsel reached out to Plaintiff's counsel to confer and seek agreement on the back benefit amount. Plaintiff's counsel indicated she would propose a back benefit amount, with applicable offsets, if any.

Unum believes the correct *gross* back benefit amount, starting from July 20, 2020 to the date of filing of this brief is $435,000.  Under the policy Unum is entitled to reduce this amount by any applicable offset, which may include payments under "the United States Social Security Act" and retirement payments under an Employer's retirement plan, as defined. AR 108. Accordingly, Unum proposes language in its proposed judgment for entry by the Court to provide for an award for the "gross amount of $435,000, less applicable offsets under the policy."

## IV.   <u>CONCLUSION</u>

Based on the aforementioned reasons, the Court should deny the hourly rates requested by Plaintiff's counsel, as well as many time entries that are excessive, duplicative, vague, and consist of impermissible block billing, and make an entry of judgment as proposed by Defendant.

DATED: January 24, 2023

LANE POWELL PC

By:   *s/ D. Michael Reilly*
      D. Michael Reilly, WSBA No. 14674
      Riley R. Moyer, WSBA No. 56243
      1420 Fifth Avenue, Suite 4200
      P.O. Box 91302
      Seattle, Washington 98111-9402
      Telephone:  206.223.7000
      reillym@lanepowell.com
      moyerr@lanepowell.com
      Attorneys for Defendant Unum Life Insurance
      Company of America

DEF'S COMBINED RESPONSE IN OPPOSITION
TO PL'S MOTIONS FOR FEES AND ENTRY OF
PROPOSED JUDGMENT - 12
CASE NO. 2:21-cv-00980-TSZ
100447.0203/9244401.3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107