HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM F. ABRAMS,<br><br>        Plaintiff,<br><br>  v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>        Defendant. | Case No. 2:21-cv-00980-TSZ<br><br>**DECLARATION OF D. MICHAEL REILLY IN SUPPORT OF DEFENDANT'S COMBINED RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTIONS FOR ATTORNEY'S FEES AND ENTRY OF PROPOSED JUDGMENT**<br><br>NOTE ON MOTION CALENDAR: FEBRUARY 3, 2023 |

I, D. Michael Reilly, declare as follows:

1.  I am an attorney for Defendant Unum Life Insurance Company of America ("Defendant") in the above-captioned matter. I am competent to testify and make this declaration in support of Defendant's Combined Response in Opposition to Plaintiff's Motions for Attorney's Fees and Costs and Entry of Proposed Judgment. I have personal knowledge of the below facts.

2.  On January 17, 2023, the same day Richard Birmingham signed his declaration in this case, I received this email from him, attached as **Exhibit A**, offering his legal services in ERISA cases. The stated rate on his AAA CV is $650 per hour. A review of single plaintiff ERISA disability court cases in Western Washington did not reveal rates anywhere near Mr. Birmingham's claimed rate of $930 per hour, or even $715 per hour for that matter. Cases in this District in 2021 and 2022 showed rates between $325 and $500 per hour.

3.  This is the first attorney fee motion I have opposed in a single plaintiff ERISA case in a long time. I usually can come to some agreement with opposing counsel regarding the hours

DECLARATION OF D. MICHAEL REILLY ISO
DEF'S COMBINED RESPONSE TO PL'S MOTIONS
FOR FEES, ENTRY OF PROPOSED JUDGMENT- 1
CASE NO. 2:21-cv-00980-TSZ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

worked and rate. Megan Glor is a respected practitioner and we have had a cordial, professional working relationship throughout this case, and in many other cases. Unfortunately, in this case the parties could not come to any agreement on the claimed hourly rate of $715 per hour, which was easily more than $215 or higher than rates plaintiffs' attorneys and I have agreed to in the past in these single plaintiff ERISA disability cases in the Western Washington District. As our brief confirms, recent court cases in 2021 and 2022, involving single plaintiff ERISA disability cases in Western Washington, have awarded between $325 and $500 per hour for prevailing plaintiffs' counsel. Ms. Glor also did not provide the court with her fee agreement in this case.

4. I also respect the practices of attorneys Eleanor Hamburger and Richard Spoonemore, but the $715 hourly rate in a class action case in Texas that Ms. Hamburger references in her declaration to justify a $715 hourly should not be applicable. The claimed rate is out of market and involves a practice that comprises much more complex class action issues.

5. Although Ms. Glor appears to have performed most of the work on this case, one wonders whether three (3) experienced lawyers were necessary as I primarily worked on this case with the assistance of associate Riley Moyer. As the other court cases confirm, typically cases like this should involve between 80 to 200 hours of attorney time. Moreover, unlike some of the other single plaintiff ERISA disability cases cited in brief, this case did not involve litigating the standard of review, did not involve as many different medical impairments as alleged in other cases, and did not involve a bench trial, which tend to increase attorney hours to get to a decision in the case.

6. Reviewing Plaintiff's billed hours, I have noted the following issues that warrant striking or reducing the time requested. As a result, we request that the Court reduce the claimed 309 hours by 125 hours for a net billed hours of 184 hours.

- MEG 7/13/2021 (.60): Impermissible block billing due to combining many discrete and distinct tasks into one entry, and the time intervals described within do not match the .60 hours recorded.

- MEG 7/13/2021 (.40): Impermissible block billing due to combining telephone conference with client and separate activity of emailing co-counsel.

DECLARATION OF D. MICHAEL REILLY ISO
DEF'S COMBINED RESPONSE TO PL'S MOTIONS
FOR FEES, ENTRY OF PROPOSED JUDGMENT- 2
CASE NO. 2:21-cv-00980-TSZ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

- MEG 7/18/2021 (7.90): Impermissible block billing due to combining many discrete and distinct tasks into one entry for 7.7 hours, such as researching Defendant's expert, reviewing claim documents, and drafting the complaint.
- MEG 7/20/2021 (.50): Impermissible block billing due to combining telephone conference with client and separate activity of revising complaint.
- MEG 7/23/2021 (.50): Impermissible block billing due to combining emails with client, a separate activity of emailing co-counsel, and a separate activity of researching Judge Robart's opinions.
- MEG 8/9/2021 (.60): Impermissible block billing due to combining telephone conference with client and separate activity of emailing co-counsel.
- MEG 8/30/2021 (.50): Impermissible block billing due to combining many discrete and distinct tasks, such as an email with the client, a call with opposing counsel regarding case scheduling, reviewing the plan documents provided by the Schwabe firm, and another telephone call with the client.
- MEG 9/2/2021 (.50): Impermissible block billing due to combining correspondence with opposing counsel about scheduling and separate activity of reviewing a long covid article. Also, the time intervals described within do not match the .50 hours recorded. Further, the Court's review was limited to the administrative record, not extraneous other articles that Plaintiff attempted to submit to the Court, so this time/task was unreasonable.
- MEG 9/8/2021 (.50): Impermissible block billing due to combining many discrete and distinct tasks, such as reviewing articles regarding long Covid, correspondence with opposing counsel regarding mediation, correspondence with co-counsel regarding mediation, and correspondence with the client regarding mediation. Further, the Court's review was limited to the administrative record, not extraneous other articles that Plaintiff attempted to submit to the Court, so this time/task was unreasonable.
- MEG 9/9/2021 (.70): Impermissible block billing due to combining many discrete and

DECLARATION OF D. MICHAEL REILLY ISO
DEF'S COMBINED RESPONSE TO PL'S MOTIONS
FOR FEES, ENTRY OF PROPOSED JUDGMENT- 3
CASE NO. 2:21-cv-00980-TSZ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

distinct tasks, such as many communications with opposing counsel, co-counsel, and the client regarding mediators, as well as a call to the Court. Further, this includes a separate interval for an unrelated task of reviewing a Boston Herald article. The Court's review was limited to the administrative record, not extraneous other articles that Plaintiff attempted to submit to the Court, so this time/task was unreasonable.

- MEG 9/14/2021 (1.00): Impermissible block billing due to combining counsel's review of a USA Today Covid article (.20) with many other communications concerning mediation (.80). Further, the Court's review was limited to the administrative record, not extraneous other articles that Plaintiff attempted to submit to the Court, so this time/task was unreasonable.

- MEG 9/22/2021 (1.40): Impermissible block billing due to combining many discrete and distinct tasks, such as many communications regarding mediation, drafting a settlement proposal, and reviewing an article from the Mayo Clinic. Further, the Court's review was limited to the administrative record, not extraneous other articles that Plaintiff attempted to submit to the Court, so this time/task was unreasonable.

- MEG 9/30/2021 (.40): Impermissible block billing due to combining many discrete and distinct communications with opposing counsel, the client, and co-counsel.

- MEG 10/07/2021 (.20): Impermissible block billing due to combining many discrete and distinct communications with opposing counsel and the client.

- MEG 10/08/2021 (.40): Impermissible block billing due to combining many discrete and distinct communications with opposing counsel and the client.

- MEG 10/12/2021 (.20): Impermissible block billing due to combining many discrete and distinct communications with opposing counsel and the client.

- MEG 10/27/2021 (1.00): Entry is too vague regarding .8 hours spent reviewing 13 news articles regarding Covid and ME/CFS. Many articles have already been "reviewed" in prior entries, and it is unlikely that these are different from prior entries. Further, the Court's review was limited to the administrative record, not extraneous other articles

DECLARATION OF D. MICHAEL REILLY ISO
DEF'S COMBINED RESPONSE TO PL'S MOTIONS
FOR FEES, ENTRY OF PROPOSED JUDGMENT- 4
CASE NO. 2:21-cv-00980-TSZ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

that Plaintiff attempted to submit to the Court, so this time/task was unreasonable.

- MEG 10/28/2021 (.30): Impermissible block billing due to combining many discrete and distinct communications with opposing counsel and the client.

- MEG 11/03/2021 (2.30): Entry is too vague regarding 2.1 hours spent for "review of cases and legal research in anticipation of briefing."

- MEG 11/10/2021 (3.60): Entry is too vague and duplicative of many prior entries regarding 2.7 hours spent to "review articles in record and additional research articles for briefing." Further, the Court's review was limited to the administrative record, not extraneous other articles that Plaintiff attempted to submit to the Court, so this time/task was unreasonable.

- MEG 11/22/2021 (3.30), 11/23/2021 (5.50). 11/24/2021 (4.50), 11/28/2021 (4.50): Entries are too vague, duplicative, and excessive regarding time spent and work performed to "prepare and revise mediation statement," which involved 2.5 hrs on 11/22, another 5.4 hrs on 11/23, another 4.5 hrs on 11/24, and another 4.5 hours on 11/28. This **totals 16.9 hours** to prepare Plaintiff's mediation statement, which is excessive and fails to describe what work was performed drafting the mediation statement. **Ten (10)** hours would be a reasonable amount to bill for a mediation letter.

- MEG 12/07/2021 (.40): Entry is too vague regarding time spent reviewing 7 news articles regarding Covid. Many articles have already been "reviewed" in prior entries, and it is unlikely that these are different from prior entries. Further, the Court's review was limited to the administrative record, not extraneous other articles that Plaintiff attempted to submit to the Court, so this time/task was unreasonable.

- MEG 1/3/2021 (2.70): Impermissible block billing due to combining many discrete and distinct tasks into one entry, and the time intervals described within do not match the 2.70 hours recorded.

- MEG 1/4/2022 (3.00), 1/5/2022 (5.60), 1/6/2022 (6.60), 1/7/2021 (4.30), 1/9/2021 (4.50), 1/10/2021 (7.60), 1/11/2022 (6.30), 11/13/2022 (10.30), 1/27/2022 (2.50),

DECLARATION OF D. MICHAEL REILLY ISO
DEF'S COMBINED RESPONSE TO PL'S MOTIONS
FOR FEES, ENTRY OF PROPOSED JUDGMENT- 5
CASE NO. 2:21-cv-00980-TSZ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1/29/2022 (2.70), 1/30/2022 (5.40), 1/31/2022 (2.00), 2/1/2022 (6.90), and 2/2/2022 (3.50): Entries are too vague, duplicative, and excessive regarding time spent and work performed for "preparation of plaintiff's dispositive motion, including review of record" as well as similarly vague "revisions," which involved 2.5 hours on 1/4, 5.6 hours on 1/5, 6.6 hours on 1/6, 4 hours on 1/7, 4.5 hours on 1/9, 7.5 hours on 1/10, 6.3 hours on 1/11, 10.30 hours on 1/13, 2.5 hours on 1/27, 1.5 hours on 1/29, 3.5 hours on 1/30, 1.4 hours on 1/31, 6.8 hours on 2/1, and 3.5 hours on 2/2. This **totals 66.5 hours** to prepare Plaintiff's dispositive motion, which is excessive and fails to describe what work was performed on the motion. A reasonable number of hours would likely be 40 hours.

- MEG 1/26/2022 (1.70): Entry is too vague regarding 1.1 hour spent reviewing 8 news articles regarding Covid. Many articles have already been "reviewed" in prior entries, and it is unlikely that these are different from prior entries. Further, the Court's review was limited to the administrative record, not extraneous other articles that Plaintiff attempted to submit to the Court, so this time/task was unreasonable.

- MEG 2/4/2022 (2.90): Impermissible block billing due to combining many discrete and distinct tasks, such as many communications regarding strategy with multiple individuals, reviewing pleadings, revising a motion to seal, and reviewing Defendant's dispositive motion and legal research.

- MEG 2/10/2022 (4.90): Entry is too vague regarding .5 hours spent reviewing 6 more news articles regarding Covid and .6 hours reviewing another article. Many articles have already been "reviewed" in prior entries, and it is unlikely that these are different from prior entries. Further, the Court's review was limited to the administrative record, not extraneous other articles that Plaintiff attempted to submit to the Court, so this time/task was unreasonable.

- MEG 2/24/2022 (2.20): Entry is too vague regarding .8 hours spent reviewing 6 more news articles regarding Covid. Many articles have already been "reviewed" in prior

DECLARATION OF D. MICHAEL REILLY ISO
DEF'S COMBINED RESPONSE TO PL'S MOTIONS
FOR FEES, ENTRY OF PROPOSED JUDGMENT- 6
CASE NO. 2:21-cv-00980-TSZ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

entries, and it is unlikely that these are different from prior entries. Further, the Court's review was limited to the administrative record, not extraneous other articles that Plaintiff attempted to submit to the Court, so this time/task was unreasonable.

- MEG 2/7/2022 (4.50), 2/8/2022 (6.20), 2/9/2022 (4.70), 2/10/2022 (4.90), 2/14/2022 (2.90), 2/15/2022 (3.30), 2/16/2022 (5.70), 2/18/2022 (5.30), 2/22/2022 (10.60), 2/23/2022 (2.20), 2/25/2022 (4.30), 2/27/2022 (6.50), 2/28/2022 (7.20), 3/1/2022 (6.40), 3/2/2022 (4.50), 3/2/2022 (4.70), 3/3/2022 (8.40), and 3/4/2022 (10.70): Entries are too vague, duplicative, and excessive regarding time spent and work performed to "prepare plaintiff's response to Unum's dispositive motion," as well as similarly vague "revisions," which involved 4.5 hours on 2/7, 6.2 hours on 2/8, 4.7 hours on 2/9, 3.6 hours on 2/10, 2.8 hours on 2/14, 3.3 hours on 2/15, 5.7 hours on 2/16, 5.1 hours on 2/18, 10.2 hours on 2/22, 2.2 hours on 2/23, 4.3 hours on 2/25, 6.1 hours on 2/27, 7.2 hours on 2/28, 6.4 hours on 3/1, 4.5 hours on 3/2, 4.1 hours on 3/2, 8.1 hours on 3/3, and 9.1 hours on 3/4. This **totals 98.1 hours** to prepare Plaintiff's response to Unum's dispositive motion, which is excessive given that Plaintiff's counsel had filed her own motion and was aware of the record and the same legal arguments. It is compounded by the fact that she fails to describe what work was performed on the response. A more reasonable amount would have been **40 hours** to respond to the motion.

- MEG 3/8/2022 (6.60): Entry is too vague regarding .1 hours spent reviewing Wall Street Journal article. Many articles have already been "reviewed" in prior entries, and it is unlikely that these are different from prior entries. Further, the Court's review was limited to the administrative record, not extraneous other articles that Plaintiff attempted to submit to the Court, so this time/task was unreasonable.

- MEG 3/11/2022 (7.70): Impermissible block billing due to combining many discrete and distinct tasks, such as revising Plaintiff's Reply, directing staff, and several phone calls and emails with the client and opposing counsel.

- MEG 3/16/2022 (6.40): Impermissible block billing due to combining many discrete

DECLARATION OF D. MICHAEL REILLY ISO
DEF'S COMBINED RESPONSE TO PL'S MOTIONS
FOR FEES, ENTRY OF PROPOSED JUDGMENT- 7
CASE NO. 2:21-cv-00980-TSZ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

and distinct tasks, such as reviewing Defendant's motion to strike, "do legal research," and "prepare surreply."

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on January 24, 2023, in Palm Desert, California.

*s/ D. Michael Reilly*
D. Michael Reilly

DECLARATION OF D. MICHAEL REILLY ISO
DEF'S COMBINED RESPONSE TO PL'S MOTIONS
FOR FEES, ENTRY OF PROPOSED JUDGMENT- 8
CASE NO. 2:21-cv-00980-TSZ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

# Reilly Declaration
# Exhibit A

| | |
|---|---|
| **From:** | Birmingham, Richard |
| **Subject:** | RE: Mediation and Arbitration |
| **Date:** | Tuesday, January 17, 2023 5:02:33 PM |
| **Attachments:** | AAA Arbitrator Profile.pdf |
| | Birmingham Resume 012023.pdf |

**CAUTION:** This is an external email. **STOP and THINK.** Do **NOT** click links or open attachments unless you are certain the content is safe.

Hi and Happy New Year,

I wish to inform you of my availability to mediate or arbitrate ERISA cases. As you are aware, I have substantial experience in ERISA litigation, having practiced in the area for over 35 years. My experience is unique in that I have represented both class plaintiffs and class defendants, management as well as union, governmental as well as private employers. My litigation and mediation experience encompasses plan administrative hearings, state court, federal court, state and federal appellate proceedings, and United States Supreme Court Certiorari petitions. I have arbitrated issues under the Railway Labor Act and under the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"). I am a Fellow in the American College of Employee Benefits Counsel.  I am on the AAA Employee Benefits Arbitration Panel and I am available to do multiemployer withdrawal liability arbitration. I have completed mediation training at the Strauss Institute for Dispute Resolution and arbitration training at the AAA. I am known for my experience and my ability to be practical and to resolve complex ERISA issues in a manner that is acceptable to the parties.

My AAA resume and my DWT resume are attached for your reference.

Please keep my services in mind and have a great New Year!  Rich

**Richard Birmingham** | Davis Wright Tremaine LLP
920 Fifth Ave, Suite 3300 | Seattle, WA 98104-1610
Tel: (206) 757-8145 | Fax: (206) 757-7145
Email: richbirmingham@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

p. 10

# Richard J. Birmingham, Esq.

| | |
|---|---|
| **Current Employer-Title** | Davis Wright Tremaine LLP – Partner |
| **Profession** | Attorney, Mediator, Arbitrator |
| **Work History** | Partner, Davis Wright Tremaine LLP, 2008-Present; Partner, Birmingham Thorson & Barnett P.C., 1993-2008; Partner, Davis Wright Tremaine LLP, 1983- 1993; Adjunct Professor, Pension and Profit Sharing - Seattle University School of Law, 2001-2007; Associate, Burt & Hagen P.C., 1980-1983. |
| **Experience** | Has over 40 years of experience in both employee benefit consulting and ERISA litigation. Command of both the substantive and litigation areas of ERISA has enabled achievement of practical solutions when mediating or arbitrating ERISA matters. Experience is unique in that has represented both class plaintiffs and class defendants, management as well as union, governmental as well as private employers. Litigation and mediation experience encompasses plan and trust administrative proceedings, state court, state and federal administrative proceedings, federal court, federal and state appellate proceedings, state supreme court hearings and United States Supreme Court certiorari petitions. Has arbitrated issues under the Railway Labor Act. Has handled employee benefit audit issues involving the IRS, DOL, employers and unions. Is available to arbitrate multiemployer withdrawal liability issues and excessive fee issues. |
| | Consulting Experience:  Assists clients through the entire range of employee benefit issues – from designing qualified pension or profit-sharing plans, committee charters and investment policies, reasonable investment fees and expenses, actuarial assumptions, requests for proposals, controlled group and affiliated service group issues, health and welfare plans, cafeteria plans, nondiscrimination and coverage issues, nonqualified deferred compensation plans – to IRS and DOL audits and participant and employer litigation. Practice consists of private, governmental, and nonprofit entities; single and multiple employer plans, MEWAs and multiemployer withdrawal liability. Consulting experience provides valuable substantive and practical background for handling and resolving ERISA mediation and arbitration matters. |
| | Litigation Experience:  Served as both plaintiff counsel and defense counsel in over 20 ERISA class action lawsuits, as well as counsel in other lawsuits raising first-of-their-kind issues in both the defense and litigation of ERISA matters. Issues involved MPPAA withdrawal liability (PPA, statute of limitations, exemptions, laches, free look, successorship, change in form or entity, transfers to evade, requirement to arbitrate, pay to play, controlled group, ERISA §§ 4204, 4225 and 4219, complete withdrawal, partial withdrawal, mass withdrawal, valuation assumptions, delinquent contributions, bad faith, interest, liquidated damages and |

*Richard J. Birmingham, Esq.*
Neutral ID : 5663801

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing.  Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

p. 11

attorney fees); PPA rehabilitation plans and provisions; ERISA pre-emption; controlled group and affiliated service group; statute of limitations; laches; Mental Health Parity; MEWA and governmental plan status; IRC qualification requirements; trustee impasse; ERISA breach of fiduciary duty; fiduciary liability; breach of contract; retiree medical; violation of state insurance laws; payroll practices; top hat plans, severance plans; disability claims; insurance claims; participant status; medical claims; failure to exhaust administrative remedies; attorney client privilege; discovery; third party administrator and consultant malpractice claims.

**Alternative Dispute Resolution Experience**   Participated in arbitrations of MPPAA withdrawal liability, ERISA top hat plans, as well as trustee impasse under the Railway Labor Act. Participated in mediation involving issues of PPA, statute of limitations, fiduciary liability, medical claims, retiree medical, third-party administrator and consultant malpractice, vesting, partial termination, claims for benefits under pension and welfare plans.

**Alternative Dispute Resolution Training**   Straus Institute for Dispute Resolution, Mediating the Litigated Case, 2020.

**Professional Licenses**   Admitted to the Bar: Washington (1978), Oregon (1981), Alaska (1991); US Court of Appeals: 9th Circuit; US Supreme Court; US Tax Court.

**Professional Associations**   Fellow, The American College of Employee Benefits Counsel; Western Pension Conference; American Bar Association; Washington Bar Association; Oregon Bar Association; Alaska Bar Associations.

**Education**   Boston University School of Law (LLM, Taxation-1980); Seattle University School of Law (JD-1978); Washington State University (BA, Political Science, cum laude-1975).

**Publications and Speaking Engagements**   Extensive Publications: Journal of Taxation; Compensation and Benefits Management; Wolters Kluwer Employee Benefit Plan Review Journal; contributing author Bender's Federal Tax Service; Law 360; BenefitsLink; Washington Bar Journal; numerous client advisories. Frequent speaker at ERISA seminars and ERISA litigation conferences.

**Awards and Honors**   Named one of "America's Leading Lawyers for Business" by Chambers USA in Employee Benefits & Executive Compensation Law (California), 2021;
Named one of the "Best Lawyers in America" in Employee Benefits Law by Best Lawyers in two categories: ERISA law and ERISA litigation, 1993-2022;
Selected by Best Lawyers as Seattle's "Lawyer of the Year" in Employee Benefits (ERISA), 2012, 2014;
Selected to "Washington Super Lawyers" in Employee Benefits, Thomson Reuters, 2003-2004, 2007-2022;
Selected to "Who's Who in American Law," "Who's Who in Practicing Attorneys," and "Who's Who in Emerging Leaders";
Former Contributing Editor, Compensation and Benefits Management (a national quarterly), 1986-1989;
Distinguished Law Alumni – Seattle University School of Law -1998.

*Richard J. Birmingham, Esq.*
*Neutral ID : 5663801*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing. Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.

| | |
|---|---|
| **Citizenship** | United States of America |
| **Languages** | English |
| **Locale** | Seattle, Washington, United States of America |

**Compensation**

| | |
|---|---|
| Hearing: | $650.00/Hr |
| Study: | $650.00/Hr |
| Travel: | $325.00/Hr |
| Cancellation: | $4000.00/Day |
| Cancellation Period: | 10 Days |
| Comment: | |

*Richard J. Birmingham, Esq.*
*Neutral ID : 5663801*

The AAA provides arbitrators to parties on cases administered by the AAA under its various Rules, which delegate authority to the AAA on various issues, including arbitrator appointment and challenges, general oversight, and billing.  Arbitrations that proceed without AAA administration are not considered "AAA arbitrations," even if the parties were to select an arbitrator who is on the AAA's Roster.