The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM F. ABRAMS,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>　　　　　　　Defendant. | NO. 2:21-cv-00980-TSZ<br><br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS<br><br>**Note On Motion Calendar:  February 3, 2023** |

I. ARGUMENT

A. **Plaintiff is Entitled to an Award of Attorney's Fees and Costs.**

Plaintiff has shown that *Hummel* factors 1-3 and 5 are met. Dkt. #45, pp. 2-4. Unum argues that "as to the first factor, the Court determined that Unum was not culpable...." Dkt. # 54, p. 2. That is incorrect. The Court concluded that Unum *is* culpable, albeit not in bad faith. Unum argues that factor 3 (whether a fee award would be a deterrent) is not met (*id*., p. 2) but the Court's Opinion supports that a disabled claimant must be paid benefits in the absence of

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
ATTORNEY'S FEES AND COSTS – Page 1 of 8
(No. 2:21-cv-00980-TSZ)

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97212
503-223-7400

consensus as to the correct diagnosis.  *See* Dkt. #43, p. 5.  Plaintiff is entitled to a fee award under *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1980).

**B.      Plaintiff's Requested Rate is Fully Supported and Reasonable.**

Plaintiff's $715 requested rate is supported by Richard Birmingham, a "private attorney[] of an ability and reputation comparable to that of prevailing counsel," who "charge[s] his paying clients for legal work of similar complexity" at $930 per hour.  *Bunger v. Unum Life Ins. Co. of Am.*, 231 F. Supp. 3d 865, 871 (W.D. Wash. 2017) (quoting *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007)).  Unum's charges that his hourly rate is "actually $650 per hour" Dkt. #54, p. 5.  That is for Mr. Birmingham's initial work as AAA arbitrator, not for his work in ERISA litigation.  Supp. Dec. of Richard J. Birmingham ¶3.  Unum doesn't contend otherwise. Mr. Birmingham explains: "...the AAA had suggested that new members might find it beneficial to discount their rates during the first year…to attract new clients.  At the time I applied to the panel, my billing rate was $835 per hour. I lowered my hourly rate from $835…to $650…intended as a short term reduction only while I gained experience on the panel.  In the last quarter of 2022 my application was accepted and I became active on the panel." *Id*.  He confirms, "My current billing rate for 2023 as established by my law firm is $930 per hour" and "my billing rate for 2022 was $875…and [for] 2021…was $835 per hour." *Id*.

Mr. Birmingham is a member of the "relevant community," the one in which the district court sits.  *Mogck v. UNUM Life Ins. Co. of Am.,* 289 F.Supp.2d 1181, 1190 (S.D. Cal. 2003) (citation omitted); *See also* Dkt. #45, pp. 4-5.  He has known Mr. Spoonemore and Ms. Hamburger "for over 15 years" and confirms they "are exceptional ERISA attorneys" and that "it is clear from Ms. Glor's experience as well as the outcome in this case that she is a highly skilled

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
ATTORNEY'S FEES AND COSTS – Page 2 of 8
(No. 2:21-cv-00980-TSZ)

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97212
503-223-7400

ERISA attorney of comparable experience…." Dkt. #48, ¶¶2, 3. He confirms: "The hourly rates charged by Ms. Glor, Mr. Spoonemore and Ms. Hamburger ($715 per hour) is within the market rate for litigation partners with more than 25 years of experience." *Id.*, ¶4.

The $715 rate is commensurate with Ms. Glor's 32 years of experience, including 28 in ERISA benefits litigation; 31 reported ERISA decisions, including appeals and class action cases; reputation as a national ERISA expert; and results in this case. *See* Dkt. #46, ¶¶2-9; Dkt. #48, ¶¶3-5; Dkt. #47, ¶¶5-6; Dkt. #49, ¶¶5-6; Dkt. #50, ¶¶13-17; Dkt. #51, ¶¶9-12; *Coleman-Fire v. Standard Ins. Co.*, No. 3:18-cv-00180- SB, 2020 U.S. Dist. LEXIS 32000, at *5-6 (D. Or. Feb. 25, 2020) ("...Ms. Glor is...a national ERISA expert, and her excellent work product consistently demonstrates her expertise...").

"Where the attorneys in question have an established rate for billing clients, that rate will likely be a reasonable rate." *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597, 675 P.2d 193 (1983); *see also Tomazzoli v. Sheedy*, 804 F.2d 93, 98 (7th Cir. 1986). Ms. Hamburger's and Mr. Spoonemore's actual hourly billing rate in 2022 was $715. Dkt. #47, ¶7; Supp. Decl. of Eleanor Hamburger, ¶¶15-16. "Multiple hourly clients paid [that] actual rate of $715 an hour in 2022" and "[it] was accepted when fees were approved in…*N.R. v. Raytheon Co.,* No. 1:20-cv-10153-RGS (D. Mass.)*, Reichert v. Keefe Comm'y Network,* No. 3:17-cv-05848-BHS (W.D. Wash.); *C.C. v. Baylor, Scott & White Health,* No. 4:18-cv-00828- SDJ (E.D. Tex.)." *Id.*, ¶16. This rate reflects Ms. Hamburger's and Mr. Spoonemore's 30+ years of experience in complex litigation involving insurance coverage disputes, ERISA health, disability, pension/ profit-sharing claims/class actions and securities fraud, class and derivative actions. *See* Dkt. #47, ¶¶2-4, 6; Hamburger Supp. Decl., ¶¶3-12.

Unum complains about the rate but offers no evidence beyond bald assertions that it is unreasonable.  Unum offers no attestations of rates currently charged by its attorneys, or other ERISA attorneys.  See Dkt. #54, pp. 3-7.  Unum cites cases in which attorneys were awarded lower rates than those charged by plaintiff's attorneys (*id*., p. 6) but the fact some attorneys have lower (or higher) billing rates is irrelevant, unless Unum shows they are similarly situated in experience, reputation and ability to plaintiff's attorneys.  Unum offers no such evidence.  Unum's reliance on past cases also ignores that the Court applies the attorneys' current rates.  *See Gates v. Deukmejian*, 987 F.2d 1392, 1407 (9th Cir. 1992) (a fee award at current rates is intended to compensate the prevailing attorneys for lost income while the case was pending).

The most recent case Unum cites to support its argument, *Cherry v. Prudential Ins. Co. of Am.*, No. 21-27 MJP, 2022 U.S. Dist. LEXIS 157346 (W.D. Wash. Aug. 30, 2022), further supports plaintiff's requested rate of $715.  In *Cherry*, Judge Pechman did, as Unum asserts, find the $500 rate requested for *one of* Cherry's attorneys "excessive."  Dkt. #54, p. 6.  Because "counsel…submitted no evidence to support his claim that $500 an hour for [attorney] Cowell is appropriate," she awarded "$475 an hour" for Cowell, 2022 U.S. Dist. LEXIS 157346, at *9—the rate Unum says it should pay Plaintiff's specialized attorneys with 30+ years' experience. Dkt. #54, p. 7.

Unum omits the more relevant discussion:  the Court readily approved the requested hourly rate of $600 for the plaintiff's *other* attorney, Chris Roy.  2022 U.S. Dist. LEXIS 157346, at *8. Mr. Roy has nearly a decade *less* experience than Mr. Abrams' attorneys and dramatically *less* experience in ERISA litigation than they do.  A LEXIS search reveals *four* ERISA-governed

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS – Page 4 of 8
(No. 2:21-cv-00980-TSZ)

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97212
503-223-7400

cases (and no other cases) in which Mr. Roy served as counsel.[1]  In addition, the $600 he was awarded in *Cherry* was an *increase* from the $500 rate he had been awarded five years earlier in *Paulson* — also cited by Unum in support of its specious argument that "a $475 hourly rate is reasonable" for Mr. Abrams' attorneys.  Dkt. #54, p. 7.  *See* 2022 U.S. Dist. LEXIS 157346, at *8.  The award of $600 to an attorney with dramatically less experience than Mr. Abrams' attorneys supports that $715 is a reasonable rate in this case.

C.     **All of Mr. Abrams' Attorneys' Hours are Reasonable.**

Plaintiff's attorneys' time is supported by two highly experienced ERISA litigators.  Dkt. #51, ¶¶2-14; Dkt. #50, ¶¶4-19.  Contrary to Unum's arguments (Dkt. #54, p. 7), "[t]his case was never a 'run of the mill' ERISA long term disability case," given the lack of a unifying diagnosis, the emerging diagnosis of long COVID, and Unum's "aggressive and combative response" (Hamburger Supp. Decl., ¶2), including Unum's new argument in litigation that Mr. Abrams allegedly fabricated his claim.  *See* Dkt. #36, pp. 1-2; *See also* Supp. Decl. of Megan Glor, ¶2 and Ex. A.  In addition, faced with the loss of his career and income due to illness and Unum's denial of essential benefits—which caused Mr. Abrams to sell his home and draw on retirement savings—his case deserved attention to detail by expert lawyers.

Two ERISA experts confirm that the total time spent was not excessive and Ms. Glor exercised billing judgment by omitting approximately 40 hours.  Dkt. #45, p. 7.[2]  In *Coleman-Fire,* the Court concluded that Ms. Glor's 381.2 hours in an ERISA-governed "own occupation"

---

[1] *Cherry, Paulson v. Principal Life Ins. Co.*, No. 16-5268 RJB, 2017 WL 4843837 at *4 (W.D. Wash. Oct. 26, **2017**)*, Flaaen v. Principal Life Ins. Co.,* 226 F. Supp. 3d 1162 (W.D. Wash. 2016), *Collins v. Guardian Life Ins. Co. of Am.,* No. 2:21-cv-00206- SMJ, 2021 U.S. Dist. LEXIS 228124 (E.D. Wash. Nov. 29, 2021) (only a motion for venue change was litigated).
[2] The **three** entries that do not "match" (7/13/21, 9/2/21, 1/3/22) result in a .3 hr. *loss* to plaintiff's attorneys (4.1 hr spent/3.8 hr claimed).  Dkt. #46-1, pp. 1, 2, 7.

(attorney) case were reasonable, explaining, "With respect to the high number of hours Ms. Glor spent on summary judgment briefing and oral argument, the Court notes that it showed…good writing takes an extraordinary amount of time, especially in complex cases….Ms. Glor's careful analysis of the issues, clear writing, attention to detail, and thoughtful oral argument were effective and appreciated…Although Ms. Glor logged many hours to achieve the result she sought…, her hours were not excessive nor disproportionate to the complexity of the issues presented." 2020 U.S. Dist. LEXIS 32000, at *9-10.  The Court also pointed to "district court cases in the Ninth Circuit in which ERISA plaintiffs were compensated" with "awards of 305, 370, 380, 382, 432, 515, 536, 630 and 718 hours." *Id.*, at *8.

Unum's block billing charge is without merit.  While "[c]ounsel who describe dissimilar services without adequate breakdown to determine what was done and whether it was reasonable run the risk that the court may reduce such services[,]" *Welch* [*supra,* 480 F.3d at 948]," "often quantity of the services can fairly be known from the similar services with which they are associated." *Zounds Hearing Franchising, Ltd. Liab. Co. v. Bower*, No. CV-16-01462-PHX-NVW, 2018 U.S. Dist. LEXIS 81871, at *6 (D. Ariz. May 15, 2018).  For example, "writing a response brief and legal research on the same need not be broken down to ascertain that the whole is reasonable.  The admonition against block billing is not a game of gotcha, regardless of whether reasonableness can be determined." *Id*.  "[W]here hours are block-billed, a district court should refrain from reducing fees until it first determines whether sufficient detail has been provided so that [the court] can evaluate what the lawyers were doing and the reasonableness..." *Sunstone Beh. Health, Inc. v. Alameda Cty. Med. Ctr.*, 646 F. Supp. 2d 1206, 1217 (E.D. Cal. 2009) (internal citations/quotation marks omitted).  The tasks Unum calls "block billed" were for

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS – Page 6 of 8
(No. 2:21-cv-00980-TSZ)

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97212
503-223-7400

nominal amounts of time and instances in which tasks flow from one to another. And where Ms. Glor billed many hours preparing a brief, she described the task clearly. *See e.g.* Dkt #46-1, pp. 6-8 (12/30/21-2/2/22 entries re: preparation of plaintiff's dispositive motion). All entries clearly describe the task of writing the brief, which involves integrating the record and legal authority. Where multiple tasks were performed, they are clearly described.

There was no duplication of effort. *See* Dkt. #54, p. 8. Mr. Spoonemore's and Ms. Hamburger's 7.1 (of 336.7) hours is a bare minimum for co-counsel. Nor did Ms. Glor spend excess time reviewing articles about COVID. *See* Dkt. #54, p. 9. She reviewed approximately 86 articles in 9.2 hours, averaging 6.4 minutes per article, to counter specific misleading assertions by Unum that ignored emerging COVID research and COVID's destructive impact. *See* Glor Supp. Decl. ¶3. Contrary to Unum's argument, she was highly efficient with her time.

Mr. Reilly's suggestion that because he and Ms. Glor have reached agreement on fees in other cases, Ms. Glor therefore unreasonably seeks fees in this case is disingenuous. Dkt. # 55, ¶3. Ms. Glor provided Mr. Reilly her time records and subsequently initiated a telephone conference with Mr. Reilly and explained that she was omitting all associate and paralegal time, for a reduction of $14,830. Glor Supp. Decl. ¶4 and Ex. B, p. 11 (19.4 hours by associate attorney, 20.8 hours by paralegals). Unum has not extended any counteroffer.

Finally, Plaintiff's attorneys spent 22.2 hours preparing the Replies and Declarations filed today and respectfully request that the Court award $15,873 in attorney's fees for this work. *See Id.* ¶5 and Ex. C; Hamburger Supp. Decl., ¶18.

/ /

/ /

## II. CONCLUSION

Plaintiff requests that the Court grant his motion and enter an order under ERISA, 29 U.S.C. §1132(g)(1), awarding him attorney's fees of $243,958, and costs of $2,353.75.

Dated:  February 3, 2023

                Respectfully Submitted,

**SIRIANNI YOUTZ SPOONEMORE HAMBURGER, PLLC**
  s/ Eleanor Hamburger
  Eleanor Hamburger, WSBA #26478
  Richard E. Spoonemore, WSBA #21833
  ehamburger@sylaw.com
  rspoonemore@sylaw.com
  3101 Western Avenue, Suite 350
  Seattle, WA 98121
  Telephone: 206-223-0303
  Fax: 206-223-0246

**MEGAN E. GLOR, ATTORNEYS AT LAW**
  s/ Megan E. Glor
  Megan E. Glor, OSB #930178 (*pro hac vice*)
  707 NE Knott Street, Suite 101
  Portland, OR  97212
  Telephone: 503-223-7400
  Fax: 503-751-2071

Attorneys for Plaintiff William F. Abrams

*I certify that the foregoing contains 2,096 words, in compliance with the Local Civil Rules.*

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS – Page 8 of 8
(No. 2:21-cv-00980-TSZ)

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97212
503-223-7400