UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM F. ABRAMS,

        Plaintiff,

   v.

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

        Defendant.

C21-0980 TSZ

ORDER

THIS MATTER comes before the Court on Plaintiff's motion for attorneys' fees and costs, docket no. 45. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

**Background**

The Court has detailed the background of this case in a previous Order. Docket no. 43. Plaintiff brought this action under the Employee Retirement Income Security Act ("ERISA"), specifically 29 U.S.C. § 1132(a)(1)(B). The Court granted Plaintiff's motion under Federal Rule of Civil Procedure 52(a). Plaintiff seeks attorneys' fees and costs

ORDER - 1

under 29 U.S.C. § 1132(g)(1). Plaintiff requests attorneys' fees of $243,958 based on 341.2 hours at a rate of $715 per hour. Plaintiff also claims costs of $2,353.75.[1]

**Discussion**

In an ERISA action, the court has discretion to award reasonable attorneys' fees and costs to either party if the party seeking fees has achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). Plaintiff has achieved considerable success on the merits. *See* docket no. 43.

### A. The *Hummell* Factors

Once a court concludes that the claimant has satisfied the standard of success set forth in *Hardt*, it must then consider the five factors outlined by the Ninth Circuit in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1980); *see also Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1119 (9th Cir. 2010). Those factors are,

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell*, 634 F.2d at 453. When the court applies these factors, it "must keep at the forefront ERISA's remedial purposes that should be liberally construed in favor of

---

[1] Defendant does not contest the reasonableness of Plaintiff's costs.

ORDER - 2

protecting participants in employee benefit plans." *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1172 (9th Cir. 1999). "[A] successful ERISA participant should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Id.*

Plaintiff argues that he is entitled to fees and costs because (1) Defendant is able to satisfy a fee award; (2) an award of fees will deter Defendant from failing to communicate important information to participants when managing their claims; (3) a fee award to Plaintiff would prompt Defendant to manage disability claims with more care, benefiting other participants; and (4) Plaintiff's position is relatively more meritorious. *See* Mot. (docket no. 45). Defendant argues that fees are unwarranted because (1) Defendant did not act in bad faith; (2) although Defendant is able to pay, this fact is not enough to force Defendant to bear this burden; (3) there is no need for deterrence here because Defendant did not act in bad faith; (4) a fee award does not benefit all participants or beneficiaries of the plan; and (5) the relative merits of the parties' positions do not support a full fee award.

The *Hummell* factors do not require the Court to find that each factor weighs in support of fees because the factors "reflect a balancing." *McElwaine v. US W., Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999). As an initial matter, the Court did not find that Defendant's actions rise to level of bad faith or culpability required under the first *Hummell* factor, docket no. 43, so the first factor weighs against a fee award.

Second, Defendant is able to satisfy the fee award. Defendant concedes this point. Therefore, this factor weighs in favor of a fee award. Third, although Defendant did not

ORDER - 3

act in bad faith, an award of fees could deter other plan administrators from denying coverage based on a lack of a unifying diagnosis, rather than focusing on the question of whether the plaintiff is sick. Defendant argues that this factor should not weigh in favor of an award because in the absence of factor one—culpability or bad faith—"there is no need to make an example of a party in order to deter others." *Providence Health Sys.–Wash. v. Bush*, No. C06-5268, 2007 WL 505657, at *2 (W.D. Wash. Feb. 12, 2007). The Ninth Circuit has found, however, that even in the absence of bad faith or culpability, that the deterrence factor can weigh in favor of a fee award. *McElwaine*, 176 F.3d at 1173. The Court declines to adopt Defendant's reading of the third *Hummell* factor because that reading would render the third factor a nullity. Fourth, there is no evidence that Plaintiff sought to benefit all plan participants. Therefore, the fourth *Hummell* factor is neutral.

  Fifth, although Plaintiff did succeed on the merits, the thin margin by which Plaintiff succeeded in this case warrants closer scrutiny. Because Plaintiff only carried his burden by a small margin, and because Defendant did not act in bad faith, the principles of equity counsel in favor of reducing any fee award by a 10% "haircut." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation."); *cf. Great Hill Equity Partners IV, LP v. SIG Growth Equity Fund I, LLLP*, No. CV 7906, 2020 WL 7861336, at *7 (Del. Ch. Dec. 31, 2020), *aff'd sub nom. Herzog v. Great Hill Equity Partners IV, LP*, 269 A.3d 983 (Del. 2021) (refusing to shift fees in equity when each party prevailed on certain issues).

In sum, the Court concludes that the *Hummell* factors weigh in favor of awarding Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1), with a reduction in the fee award as described above.

**B. Reasonable Attorneys' Fees**

In determining the reasonable amount of fees and costs to award, courts use a hybrid lodestar/multiplier approach. *McElwaine*, 176 F.3d at 1173. The Court arrives at the "lodestar" figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See id.* Additionally, "[t]he party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welch*, 480 F.3d at 946 (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id.* (internal quotation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (citing *Chalmers v. City of L.A.*, 796 F.2d 1205, 1214 (9th Cir. 1986)).

ORDER - 5

Plaintiff requests attorneys' fees of $243,958 and costs of $2,353.75. Reply (docket no. 57). Plaintiff requests an hourly rate of $715.00 for Ms. Glor's, Ms. Hamburger's, and Mr. Spoonemore's time. Plaintiff relies on an hourly rate of $930.00 for Mr. Birmingham's time as a yardstick to justify their requested rates. Birmingham Decl. ¶ 4 (docket no. 48).[2]

To begin, Ms. Glor's and Ms. Hamburger's declarations do not support the hours that they request. In Ms. Glor's declaration, she submits evidence that she billed 309.4 hours in this matter, not including fees-on-fees. Ex. 1 to Glor Decl. (docket no. 46). In Ms. Hamburger's declaration, she submits evidence that she billed 4.1 hours of time and that Mr. Spoonemore billed 1 hour of time. Ex. 1 to Hamburger Decl. (docket no. 47). And Ms. Glor represents in her reply brief that she would not seek charges for her associates' or paralegals' time in this matter. Reply at 7 (docket no. 57). As such, the Court limits Plaintiff's attorneys' fees to the evidence in the record. Based on the evidence before it, the Court considers 314.5 hours at $715 an hour to be Plaintiff's requested fees.

The Court now turns to Mr. Birmingham's rate. The same day that Mr. Birmingham signed his declaration in this case, he sent an email to all ERISA defense counsel in the Seattle area advertising his ERISA legal expertise at $650 per hour. *See* Ex. 2 to Reilly Decl. (docket no. 55).[3] The last reported rate in a class action by

---

[2] Plaintiff's counsel never state what their agreed rate was with Mr. Abrams.

[3] The Court has also considered Mr. Birmingham's supplemental declaration, docket no. 60, in determining the award.

Mr. Birmingham was $665 per hour. *See Lehman v. Nelson*, No. C13-1835, 2018 WL 3727600, at *1 (W.D. Wash. Aug. 6, 2018). Defendant proposes, and the Court agrees, that the prevailing market rate in the Seattle area lies somewhere between $325 and $665 an hour for a single-plaintiff ERISA case. *See, e.g., Principal Life Ins. Co. v. Hill*, No. C21-1716, 2022 WL 2718087 (W.D. Wash. July 13, 2022) ($325 per hour for plaintiff's lead counsel); *Cherry v. Prudential Life Ins. Co. of Am.*, No. C21-0027, 2022 WL 3925304, at *4 (W.D. Wash. Aug. 30, 2022) (in a single plaintiff ERISA disability case, the court concluded that a $500 hourly rate for lead counsel was "excessive" and deemed $475 rate reasonable); *Chapin v. Prudential Ins. Co. of Am.*, No. C19-1256, 2021 WL 1090749 (W.D. Wash. Mar. 22, 2021) (in single plaintiff ERISA LTD benefit case, court deemed $475 hourly rate "reasonable," relying in part on King County Superior Court order deeming the $475 hourly rate reasonable); *Bunger v. Unum Life Ins. Co. of Am.*, 231 F. Supp. 3d 865, 872 (W.D. Wash. 2017) ($500 an hour rate for plaintiff's counsel); *see also Cherry*, 2022 WL 3925304, at *5 ($665 per hour for an individual attorney). The Court concludes that the rate of $550 per hour is reasonable in this case. That rate is justified because Plaintiff's counsel are experienced ERISA practitioners and can command that compensation. *See* Glor Decl. ¶ 2.

Defendant next argues that Plaintiff's requested hours are too high.[4] The Court disagrees. Although courts typically limit hours in single-plaintiff ERISA cases to 200

---

[4] Defendant argues that Plaintiff engaged in impermissible block billing. After review, the Court disagrees. Plaintiff reasonably describes the purpose of each billing, and the Court finds that Ms. Glor's billing practices are acceptable.

ORDER - 7

hours, *see Flaaen v. Principal Life Ins. Co.*, No. C15-5899, 2017 WL 6527144, at *4–5 (W.D. Wash. Dec. 21, 2017), the facts of this case were complex and nuanced. Counsel for both parties had a difficult job in this case, and the Court commends both parties for their excellent briefing on the issues. The close question presented in this case justified increased time and attention from both parties. Due to that complexity, the Court finds that Plaintiff's ask of 314.5 hours is a reasonable one.[5] *See* Glor Decl. ¶ 12; Ex. 1 to Glor Decl.; Ex. 1 to Hamburger Decl.; *see also Coleman-Fire v. Standard Ins. Co.*, No. 18-CV-00180, 2020 WL 905214, at *3 (D. Or. Feb. 25, 2020) (granting Ms. Glor's request of 381.2 hours in an ERISA case).[6] The Court GRANTS Plaintiff's motion for attorneys' fees for a total of 303 hours,[7] which reflects both the fees and fees-on-fees, at a rate of $550 per hour, totaling $166,650. The Court also GRANTS costs in the amount of $2,353.75.

Defendant asks this Court to stay the fee award pending appeal. The Court will GRANT a stay for attorneys' fees and costs upon a timely filing of a supersedeas bond of 125% of the total awarded fees and costs, which amounts to $211,254.68. *See Wishtoyo*

---

[5] Defendant also argues that this case did not warrant the full time and attention of three partners. Although the Court agrees in theory, that situation did not happen here. Mr. Spoonemore and Ms. Hamburger billed a total of 5.1 hours to this case between them, and their efforts did not duplicate Ms. Glor's efforts. *See* Ex. 2 to Glor Decl.; Ex. 1 to Hamburger Decl.

[6] Plaintiff also requests fees-on-fees for the time it took to prepare declarations and prepare the related motion papers, totaling 22.2 hours. Reply at 7; Ex. 3 to Suppl. Glor Decl. (docket no. 58). The Court GRANTS Plaintiff's requested fees-on-fees but will apply the same 10% haircut to that number.

[7] The granted hours reflect the 10% haircut outlined above.

ORDER - 8

*Found. v. United Water Conserv. Dist.*, No. CV 16-3869, 2019 WL 8226058, at *2 (C.D. Cal. Apr. 11, 2019).

**Conclusion**

For the foregoing reasons, the Court ORDERS

(1) Plaintiff's motion for attorneys' fees and costs is GRANTED in part and DENIED in part. The Court GRANTS Plaintiff's attorneys' fees in the amount of $166,650 and costs in the amount of $2,353.75.

(2) Upon the Defendant's filing of an appropriate supersedeas bond of $211,254.68, the Court will STAY the payment of attorneys' fees and costs pending appeal.

(3) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 27th day of February, 2023.

Thomas S. Zilly
United States District Judge

ORDER - 9